### E. E. CAMMACK V. MRS. JENNIE ROGERS.

No. 1204. Decided April 23, 1903.

**1.—Assignment of Error—Distinct Rulings.**

Where an assignment of error complains of two rulings of the trial court, relating to distinct questions, it is insufficient to require a consideration of such questions by the appellate court, though the assignment is followed by appropriate propositions and statements, separately explaining and presenting each of the two questions raised. (Pp. 457-461.)

**2.—Insufficient Assignment—Discretion of Appellate Court.**

Failure to comply with the statute and rules in making assignments of error, while it may deprive appellant of the right to demand that they be noticed, does not preclude the appellate court from passing upon them in the exercise of a sound discretion. (P. 461.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*J. B. Scarborough,* for appellant.

*A. C. Prendergast,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the Third District, as follows:

"It is a suit brought by the appellee, Mrs. Rogers, against the appellant, to recover possession of certain lands, and for damages resulting from an alleged breach of a rent contract wherein the appellant became bound and liable as lessee. One of the items of damages sought to be recovered by appellee is the alleged failure of the appellant to

properly and with reasonable care farm and cultivate the premises rented by him from appellee, which it is claimed he was bound under the contract to do with reasonable care and diligence, in cultivating and producing a Johnson grass crop on the premises, which it is alleged he, by reason of his want of care and attention and negligence failed to produce, for which reason the appellee suffered and sustained damages, as she was under the contract entitled to a part of the crop produced.

"We find that the appellant was liable under the contract for damages that might arise for his failure to exercise reasonable care and attention in the cultivation and production of the character of crop called for in the contract; and there is evidence in the record tending to show, to some extent, a failure upon his part to observe the requirements of the contract in this respect.

"His liability or nonliability for the breach of the contract, as stated, was submitted by the charge of the court to the jury. The jury returned a verdict, upon which judgment was rendered in the plaintiff's favor for the possession of the premises and for the sum of $400.

"The jury, in determining that the appellant was liable to the appellee for $400 damages, evidently considered that the appellee sustained some damages on account of the failure of appellant to properly cultivate and produce Johnson grass crops on the leased premises.

"In response to this issue the appellant pleaded, that, if there was a failure of yield of crop, it was not attributable to any want of attention upon his part, but was occasioned by unprecedented dry weather during the year in which the crop was to be produced; and we find that there was much evidence in the record tending to prove the fact that the failure of the crop was, to a great extent, attributable to dry weather.

"The court in its charge did not submit this defense to the jury. Upon this issue, the appellant requested the following instruction, which was refused: 'You are instructed that if you find that defendant used proper diligence, as explained herein, in the management and cultivation of said farm, and that the yield therefrom was lessened by dry weather, or other natural causes, you will not charge the defendant with such lessened yield.' The record shows this to be defendant's requested charge number 1. The court refused to give this instruction.

"The court on the 7th day of January, 1903, by an opinion then delivered, reversed and remained this cause for the failure and refusal of the court to give the charge as quoted.

"On February 11, 1903, this court set aside its former judgment, granted a rehearing, and affirmed the judgment of the trial court, and held, in the last opinion delivered in the case, that the assignment of error complained of the refusal to give two charges which presented two separate and distinct questions, and for that reason could not be considered. The assignment while presenting two separate and distinct questions, is followed by appropriate propositions and statements,

which present each of the questions raised in the assignment in such a manner that the court can readily ascertain and determine each of the two points intended to be presented and raised by the assignment; and we desire to say that if the assignment could or should be considered, this court is still of the opinion that the refusal to give charge number 1 mentioned in the assignment, which is already quoted, is reversible error.

"The assignment is as follows: 'The court erred in refusing to give special charges numbers 1 and 2 asked by the defendant, respecting the effect of dry weather on said crop and the yield therefrom, and as to the value of one-half of the ungathered hay crop on the farm at the time the plaintiff took possession under the writ of sequestration.'

"This assignment is numbered in the brief as the fifth assignment, and is followed by the following propositions and statements:

" 'Proposition: Defendant was not an insurer of crop as against drouth, and should not be compelled to respond in damages for short crop, as the result of dry weather.

" 'Statement: Plaintiff's suit was largely based on failure to make crop of hay, alleging only 914 bales made, when he should have made 4000 bales, and her damages $700. (R. 6.) Defendant requested special charge (R. 42) to the effect that if he used proper diligence and the yield was cut short by dry weather, that he would not be responsible for the failure thus caused. This the court refused. (R. 42.)'

"We construe 'R. 42' to mean page 42 of the record, where charge number 1, as pointed out in the assignment is stated, which charge is previously in this statement set out, and which the trial court should have given.

"The appellant continues his statement under this proposition as follows: 'The undisputed testimony is that the year was extremely dry and the yield was very little on this account. Mr. Cook and Mrs. Boggess, who lived on adjoining grass farms both testified that their crops were greatly reduced on account of dry weather.

" 'Second proposition: Defendant was entitled to credit of one-half the value of the hay crop on the land when he was dispossessed.

" 'Statement: The testimony shows that when defendant took possession in September, 1900, the uncut grass crops, or second cutting, was on the land uncut; that by agreement, plaintiff kept his second crop and defendant was to have the full crop of grass grown for 1901. Reference is made to record, pages 86, 90 and 20. The defendant asked instruction to the jury to find for him one-half the value of this uncut crop. (R. 42.)'

"We do not hold that the trial court should have given charge number 2 pointed out in the assignment, and which is explained by the second proposition and statement under it.

"The cases of Cannon v. Cannon, 66 Texas, 685, and Jackson v. Cassidy, 68 Texas, 284, in effect hold that an assignment of error which is

too general can not be aided by propositions. Crane v. Huntington, 81 Texas, 616; Mitchell v. Mitchell, 84 Texas, 306; Harrison Machine Co. v. Templeton, 82 Texas, 447; Blake v. Ins. Co., 67 Texas, 166; Insurance Co. v. Chowning, 86 Texas, 660, and Texas & Pacific Railway Co. v. Donovan & Co., 86 Texas, 379, in effect hold that an assignment of error that presents and raises two or more separate and distinct questions can not be considered.

"In the cases above named, the only one where the assignment of error was followed by appropriate propositions and statements was Texas & Pacific Railway Co. v. Donovan, 86 Texas, 379. The opinion of the court as reported in the official volume of the Reports, where it will be found, does not state that the assignment of error was followed by propositions and statements, but an examination of the record on file in the Supreme Court shows that three of the questions raised by three of the special charges referred to in the assignment were followed by appropriate propositions and statements.

"The reasons given and the principles stated in the following cases seem to justify the conclusion that the assignment in question was not too general, as it is in effect in these cases held that the rules and the statute concerning assignments of errors should receive a liberal construction; and that while the assignment of error may be so general that unexplained it would be insufficient, it might, by appropriate propositions and statements be aided, explained and made certain: Land Co. v. McClelland Bros., 86 Texas, 191; Bonham Cotton Press v. McKellar, 86 Texas, 700; Wilson v. Johnson, 94 Texas, 276; St. Louis & S. W. Railway Co. v. McArthur, 70 S. W. Rep., 317; Gulf, C. & S. F. Railway Co. v. Ramsey, 24 S. W. Rep., 654; Kidwell v. Carson & Lewis, 3 Texas Civ. App., 330; Mundine v. Pauls, 3 Texas Ct. Rep., 862.

"In the two cases last mentioned the assignments of errors presented two or more distinct questions, and the Court of Civil Appeals declined to consider them; but they say in effect that if the assignments had been accompanied by appropriate and explanatory propositions and statements they would have been considered.

"In view of the above statement, the Court of Civil Appeals for the Third Supreme Judicial District certifies to the Supreme Court of Texas the following questions:

"1. Where an assignment of error complains of two rulings of the trial court, each of which relate to separate and distinct questions, which is followed by appropriate propositions and statements explaining each of the two questions raised and rulings complained of, is the assignment so general that it should not be considered, or may it, under such circumstances, be aided and explained by the propositions and statements; and if such is the case, should it by the Court of Civil Appeals be deemed sufficient so as to entitle the court to pass upon either of the questions raised by the assignment, propositions and statements?

"2. Is the assignment of error, in connection with the propositions and statements, as above set out, sufficient to authorize its consideration by this court?"

1. The decisions first cited in the certificate condemn the assignment of error as insufficient because it complains of two distinct rulings of the court below. The decisions also hold that propositions in briefs do not supply the place of a valid assignment. The decisions of this court last cited in the certificate do not conflict with the others, the objections to the assignments considered being of a different character. Further discussion of the subject of assignments of error than is found in Land Co. v. McClelland Bros., 86 Texas, 191, would not, in our opinion, be useful.

2. The fact that an assignment of error is not in strict compliance with the statute and the rules of court does not deprive the Court of Civil Appeals of authority to decide a point thus defectively raised. While a party who has not complied with the rules of practice in presenting errors complained of may not be entitled to demand, as a right, that they be noticed, the court, in the exercise of sound discretion, has the authority to pass upon them. Whether or not in such cases the point sought to be made should be considered is a question for the Court of Civil Appeals to determine under all the circumstances.