DICKEY v. GULF, T. & W. RY. CO.

(No. 8923.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 23, 1918. Rehearing Denied Jan. 25, 1919.)

1. RAILROADS ☞282(10)—INJURY TO CHILD ON LOCOMOTIVE—JURY QUESTION.

In action for injuries to an eight year old boy while on a locomotive in charge of a hostler, failure of the court to present issue of defendant's alleged negligence in knowingly consenting to the presence of the boy upon the locomotive cab *held* error.

2. APPEAL AND ERROR ☞748(1)—REVIEW—ASSIGNMENT NOT IN ACCORDANCE WITH RULES.

Assignments of error unquestionably in violation of rules for briefing will not be considered.

Appeal from District Court, Baylor County; J. H. Milam, Judge.

Action by William Dickey against the Gulf, Texas & Western Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed and remanded.

D. A. Holman, of Seymour, for appellant. J. A. Wheat, of Seymour, E. B. Ritchie, of Mineral Wells, and Ben B. Cain, of Dallas, for appellee.

DUNKLIN, J. This is the second appeal of this case. The former appeal was disposed

of by our Supreme Court in an opinion appearing in 108 Tex. 126, and 187 S. W. 184, to which we refer for a more extended statement of the issues and facts than we deem necessary to make here.

Briefly, the suit was by William Dickey against the Gulf, Texas & Western Railway Company to recover for the loss of services and for the care and treatment of plaintiff's son, Maryland Dickey, eight years of age, resulting from scalds received while at play in the cab of one of defendant's locomotives; and, from a judgment in favor of the defendant, plaintiff has appealed.

The proof showed that the boy was injured in the manner alleged, and that Ed Moss, who was employed by the defendant as hostler, was in charge of the engine and was engaged in coaling it at the time of the injury. The engine was equipped with what is termed an "injector," by means of which the boiler of the engine was filled with water from the engine tank. A sprinkling hose was also connected with the injector through the medium of a valve. In order to sprinkle the coal before shoveling it, the valve between the injector and the hose would be opened, thus allowing water from the boiler to be thrown upon the coal. Just before the boy's injury, Moss had used the hose for sprinkling the coal. He then shoveled more coal into the engine tender, and, after doing that, he proceeded to fill the engine boiler with water by turning on the injector. At that time, the valve connecting the injector and the hose was open, and scalding water, mixed with a great volume of steam, was emitted from the hose, which was lying on the floor of the cab, and severely scalded the boy, Maryland Dickey, who together with his stepbrother, Floyd Bradley, about 14 years of age, were then at play in the cab of the engine.

One of the issues of actionable negligence presented in plaintiff's petition was the failure of Moss to see that the valve between the injector and hose was closed before the injector was put in operation on the immediate occasion of the injury. Another issue was that he was negligent in failing to prevent injury to the boy after he discovered that the water and steam was escaping from the hose and the peril the boy was then in by reason thereof.

Upon special issues submitted, the jury found, in effect, that after using the hose the first time Moss closed the valve connecting it with the injector; that, in turning on the injector again without taking the precaution to ascertain whether or not the valve was then open, he was not guilty of negligence; and that he used ordinary care to prevent injury to the boy after discovering his peril. Those were the only issues of negligence on the part of Moss submitted in

the court's charge as a basis for a recovery by plaintiff.

But the jury further found that the engine was an unsafe and dangerous place for a child of tender years; that Maryland Dickey was a child of tender years and so lacking in judgment and discretion as not to appreciate or realize that the place was dangerous to him; and that Moss allowed him to remain on the engine without ordering him to leave. And there was ample evidence to support those findings. It shows without controversy that, before Moss sprinkled the coal in the first instance, the child was in the cab of the engine; that Moss knew of his presence and made no objection thereto, but impliedly assented for him to remain. Those facts were alleged in plaintiff's petition as actionable negligence entitling plaintiff to a recovery, and error has been assigned to the refusal of the court to submit plaintiff's requested special issue presenting that allegation of negligence.

Appellee urges the decisions in such cases as S. A. & A. P. Ry. Co. v. Morgan, 92 Tex. 98, 46 S. W. 28, Dobbins v. Ry. Co., 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856, and Ry. Co. v. Edwards, 90 Tex. 65, 36 S. W. 430, 32 L. R. A. 825, to support its contention that, as the child was a trespasser upon the engine, it owed no duty to him except the duty to exercise ordinary care to avoid injury to him while on the engine. In those cases the general rule was announced that the owner of dangerous machinery or other dangerous instrumentalities used on his own premises owes no duty to a mere trespasser except the duty to exercise ordinary care to avoid injury to him after he has entered upon the premises and his presence has been discovered; yet in none of those cases was there any evidence to show that the entry of the trespasser upon the premises was with the knowledge, consent, or invitation of the defendant company.

[1] But in N. Tex. Construction Co. v. Bostick, 98 Tex. 239, 83 S. W. 12, Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111, St. L. S. W. Ry. Co. v. Davis, 110 S. W. 939, and other authorities which might be cited, the rule is announced, in substance, that the owner of dangerous premises, under circumstances such as shown in the present suit, may be held guilty of negligence in permitting the presence thereon of a child of tender years, lacking in discretion to appreciate the danger, when such child is there with the knowledge and consent of the owner of the premises, and hence impliedly by his invitation. Those decisions, we think, are of controlling effect upon the question now under discussion, and the failure of the court to present the issue of defendant's alleged negligence in knowingly consenting to the

presence of the child upon the cab of the engine was error for which the judgment must be reversed.

[2] The assignment just discussed is not strictly in accordance with the rules for briefing, but we have reached the conclusion that it is sufficient to merit consideration, notwithstanding the objections thereto by the appellee. C., R. I. & G. Ry. Co. v. Pemberton, 106 Tex. 463, 161 S. W. 2, 168 S. W. 126. But several other assignments contained in appellant's brief are clearly subject to appellee's objections thereto, because they are unquestionably in violation of such rules, and therefore they will not be considered.

For the reasons indicated, the judgment is reversed, and the cause remanded.