**SEWELL v. LAKE CHARLES PLANING MILL CO., Limited. (No. 6981.)**

(Court of Civil Appeals of Texas. San Antonio. June 16, 1923. Rehearing Denied July 2, 1923.)

**1. Depositions ⬅️88—Deposition of doctor as to mental condition of defendant admissible for what it was worth.**

In an action on a note alleged as given by partners, but executed by one defendant only, where depositions of a doctor as to the mental condition of defendant, who signed the note at the time he executed a trust agreement in evidence, while in some respects showed witness to be qualified to testify as to such mental capacity, and in other respects not to be, it was the court's duty to admit the testimony for its worth to the jury.

**2. Depositions ⬅️88 — Explaining nature of case to prospective witness proper practice.**

In action on a note signed by one of two partners only, it was proper practice to admit in evidence an introductory statement contained in an interrogatory propounded to a witness testifying as to one defendant's mental capacity, which statement was designed to explain the nature of the case so that the witness could more readily direct his answers to the issue raised.

**3. Depositions ⬅️110—Overruling general objection to statement explaining nature of case to prospective witness held proper.**

In action on a note alleged to have been signed by one of two partners, it was proper to overrule a general objection to an introductory statement contained in an interrogatory propounded to a witness, testifying as an expert, which was designed to explain the nature of the case so that he could more readily direct his answers to issues raised.

**4. Partnership ⬅️49—Carbon copies of letters to alleged partner from one not a party to suit improperly admitted.**

In an action on a note signed by one of two alleged partners, evidence of carbon copies of letters written to the defendant, not so signing, by one not a party to the suit nor shown to be related to, or connected with, either the parties or the transaction, should have been excluded, because they emanated from a third party and were ex parte in their nature, and as they bore somewhat subtly on the crucial question of partnership they probably influenced the jury.

**5. Appeal and error ⬅️232(2)—Error in admitting deed to refute defendant's claim that codefendant was partner not being fundamental, appellant confined to objections in court below.**

In action on a note, signed by one of two alleged partners, where defendant introduced a trust deed executed by his codefendant, the effect of which was to refute the latter's claim of partnership, error in instruction not to consider the instrument, except to contradict grantor's testimony, not being fundamental; de-

fendant's objecting thereto will be confined to objections made in the court below.

**6. Bills and notes ⬅️502—Admission of partnership note admitted by one partner to have been signed by him not error.**

In action on a note alleged to be a partnership note, where plaintiff alleged that one defendant executed the note in behalf of the partnership and such defendant himself so alleged its execution, this admission rendered the note admissible.

**7. Bills and notes ⬅️534—Better practice to prove attorneys' actually incurred.**

In action on a note where plaintiff seeks to recover attorneys' fees, it is the better practice to prove that the expense of attorneys' fees was actually incurred.

**8. Trial ⬅️351(2)—Error not based on failure to give instruction not requested.**

Where a party fails to request the submission of an issue to the jury, he cannot thereafter complain of the court's default.

On Motion for Rehearing.

**9. Appeal and error ⬅️766—Strictness in enforcing rules of briefing within court's discretion.**

Strictness with which rules of briefing shall be enforced is a matter largely within the discretion of the Courts of Civil Appeals, and depends on the facts peculiar to each case, and, when justice warrants it, it is the court's duty to exercise that discretion and consider errors regardless of the fact that in presenting them appellants have not followed the rules laid down.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Action by the Lake Charles Planing Mill Company, Limited, against P. K. Magruder and John P. Sewell, as partners, doing business under the trade name of Hidalgo Lumber & Construction Company. Judgment for plaintiff, and judgment over for defendant Magruder against Sewell, and the latter appeals. Reversed and remanded.

W. L. Dawson, of Mission, and Bennett & Anderson, of Mercedes, for appellant.

Graham, Jones, Williams & Ransome, of Brownsville, for appellee.

SMITH, J. This suit was instituted by the Lake Charles Planing Mill Company, Limited, against P. K. Magruder and John P. Sewell, alleged to have been partners, doing business under the trade name of Hidalgo County Lumber & Construction Company, to recover the principal, interest, and attorneys' fees provided for in a promissory note for the principal sum of $2,500, payable to the order of the Planing Mill Company, and executed by "Hidalgo Co. Lumber & Const. Co., by P. K. Magruder, Mgr."

The defendant Magruder answered, and,

after a general demurrer and general denial, admitted that he was a partner in the defendant firm, and alleged that he executed and delivered the note for and in behalf of the partnership. He prayed for judgment in his favor, and in the alternative, if recovery was had against him, that he recover over against his partner, Sewell, for one-half the amount so recovered by the plaintiff against him.

The defendant Sewell answered by general demurrer, denial of partnership, plea of non est factum, and general denial, in their order. His answer was duly verified.

The cause was submitted to the jury upon the sole issue of partnership as between Magruder and Sewell, upon an affirmative answer to which the court rendered judgment in favor of the Planing Mill Company, against defendants, jointly and severally, for the amount of the note, including interest and attorneys' fees, and in favor of defendant Magruder over against defendant Sewell for any sum the former might pay in excess of one-half said judgment. Defendant Sewell alone has appealed.

Although the suit was upon a plain promissory note, the execution of which was not denied, and the only question of fact was whether or not Magruder and Sewell were partners, the statement of facts covers 259 pages, embracing a very great deal of testimony that was inadmissible and wholly immaterial. Appellee objects vigorously to the consideration of the propositions advanced in appellant's brief, upon numerous grounds, some of which are well taken, and will be noticed as we reach the different assignments.

[1] .In his first assignment and proposition appellant complains of the admission of the depositions of Dr. B. F. Smith, in which the witness undertook to testify as to the mental condition of P. K. Magruder at the time he executed a certain trust agreement in evidence. The objection to this testimony, stated generally, is that the witness was not qualified to so testify. It is true in some of his answers the witness stated that he could not testify from his knowledge of Magruder's condition that the latter was mentally incapacitated, but in other answers he testified apparently to the contrary. In other words, looking at his testimony from one angle, he showed himself to be qualified, whereas, from another angle he showed himself to be not qualified. In such situation it was the duty of the court to admit the whole of the testimony for what it might be worth to the jury. The objections went to its weight, rather than its admissibility. This assignment is overruled.

[2, 3] In his second assignment of error appellant complains of the admission in evidence of an introductory statement contained in an interrogatory propounded by one of the parties—which one of the parties is not shown—to Dr. Smith. This statement was obviously designed to explain the nature of the case to the prospective witness so that he could more readily direct his answers to the issues raised. This is often done, and when not abused is a proper and often a desirable practice. It is contended by appellant that the party propounding the interrogatories here—which party, as stated, is not shown—took unwarranted liberties with the privilege and interpolated into the statement a mere conclusion of fact, which was not warranted by the pleadings. Some of the matters set forth in the statement were proper and admissible. The objection, however, seems to have been directed at the statement as a whole, and not alone at the objectionable facts thereof, and this being true the court properly overruled the objection.

[4] Appellant complains in his third assignment of error of the admission in evidence of carbon copies of two letters, written to appellant Sewell by the Ascension Red Cypress Company, Limited, who was not a party to the suit, or shown to be related to or connected with either of the parties, or to the transaction in controversy. It seems that these letters were offered by appellee upon the theory that some of the statements therein tended indirectly, if not directly, to support the contention that Sewell was in partnership with Magruder, which was the crucial issue in the case, and by no means conclusively established. This evidence was of course purely hearsay, but it was not objected to upon that ground. The specific objections urged against it were that the letters were written by "a third party, a stranger to the suit and in no manner connected therewith, and because said letters were vague, indefinite, and uncertain, and not connected with any issue involved in the suit on trial, and because some were ex parte statements tending and calculated to prejudice the minds of the jury against appellant." We think these letters should have been excluded on the grounds that they emanated from a third party and were ex parte in their nature, and as they bore somewhat subtly upon the crucial question of partnership they probably influenced the jury against appellant upon that issue.

We suggest that upon another trial that portion of the charge complained of in the fourth assignment of error should be omitted. It adds nothing to the force of the charge, and even if applicable to the facts is perhaps upon the weight of the evidence, or at least stresses a phase of the case that should be permitted to take its place along with other phases without comment from the court. We think the charge may be easily framed to meet the case made, and at the same time avoid the objections urged.

[5] It appears that appellant introduced in evidence a certain trust deed, or assignment for the benefit of creditors, executed by P. K. Magruder, the effect of which was to refute the latter's claim that Sewell was his partner in the transactions involved in the suit. The trial court instructed the jury that they could not consider the instrument except for the purpose of contradicting Magruder's testimony, "if it had that effect," and that they could consider it for that purpose only in the event they believed that Magruder had the instrument "fully explained to him at the time he signed the same," and that he was mentally capacitated at the time "to understand the contents of the same." We think this instruction was erroneous, at least in part, and highly prejudicial, but as it does not appear that appellant objected to it, at or before the time it was given, he waived all objections to it. The error complained of does not appear to have been assigned, and the contention in appellant's sixth proposition of law, that the error is fundamental, is not tenable. It did not go to the very foundation of the case, but only to a collateral or incidental issue, and therefore appellant will be confined, on appeal, to the objections made in the court below.

[6] In his seventh assignment of error appellant complains of the admission in evidence of the note sued on. It was alleged by appellee that Magruder alone executed the note for and in behalf of the partnership, and Magruder himself alleged that he had executed it. This admission rendered the instrument admissible. No one contended that appellant signed the note, and it did not purport to bear his signature. The question in the case was whether or not Magruder and Sewell were partners, and not who signed the note. This assignment is overruled.

[7] In his eighth assignment of error appellant complains of the allowance in the judgment of 10 per cent. attorneys' fees, upon the ground that the note did not provide for the same, and the pleadings and evidence were insufficient to support the judgment in that particular. The note, however, contained a sufficient stipulation for this purpose, and the pleadings properly alleged it. We think the recovery should be limited, however, to 10 per cent. of the principal, and that it is the better practice, if not essential, to prove that the expense of attorneys' fees was actually incurred.

[8] Appellant's ninth assignment is overruled. In this assignment complaint is made that the court omitted to submit a certain issue to the jury. If appellant desired the omitted issue to be submitted to the jury, he should have so requested the court, and, having failed to do so, he cannot complain

of the court's default. The tenth assignment is too general to require consideration, and will be disregarded.

For the error complained of in the third assignment of error, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

## On Motion for Rehearing.

[9] Appellee vigorously assails the action of this court in considering appellant's assignments of error, contending that in briefing those assignments appellant flagrantly disregarded the rules promulgated by the Supreme Court governing the presentation of causes on appeal. Appellee's complaints are largely justified, for as a matter of fact appellant has not complied with the rules in presenting his cause here, and this court would be justified in disregarding his assignments of error, as presented here. But, as we understand it, the strictness with which the rules shall be enforced here is a matter largely within the discretion of this court, depending upon the facts peculiar to each case, and when the justice of the case seems to us to warrant it we deem it our duty to exercise that discretion and consider the assignments of error, regardless of the fact that in presenting them the appellant has not followed the rules laid down by the Supreme Court for his guidance. This appeal seems to us to present such a case, and it is on that account that we have deemed it proper to consider the assignments of error.

Appellee's motion for rehearing is overruled.