CARROLL et al. v. JACKSON.  (No. 199.)

(Court of Civil Appeals of Texas. Waco.
Oct. 15, 1925. Rehearing Denied
Nov. 19, 1925.)

1. Trial ⏀350(4)—Evidence held to raise issues as to defendant's willingness and ability to furnish complete abstract, and refusal to submit such issues was error.

In action for recovery of checks deposited to guarantee carrying out of contract for sale of land, evidence *held* to raise issues as to whether defendant offered to furnish complete abstract and whether he was ready, able, and willing to do so, and refusal to submit such issues was error.

2. Vendor and purchaser ⏀144(2)—Vendor, relying on assurance that abstract acceptable, entitled to reasonable time to cure defects.

Where vendor cured defects in abstract specified by designated attorney, and was then assured papers were acceptable, and relied on such assurance until time for closing trade had expired, purchaser could not thereafter forfeit a deposit as liquidated damages without allowing reasonable time and opportunity for cure of other defects.

3. Appeal and error ⏀736—Assignment of error complaining of two distinct rulings considered where rulings closely connected.

Though appellant's assignment of error is too general and multifarious, and complains of two distinct rulings of trial court, Court of Civil Appeals may, in its discretion, consider such assignment, especially where rulings were closely connected.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Suit by H. M. Jackson against Bert Carroll and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

R. L. Henderson, of Waco, for appellants.
Williams, Williams, McClellan & Lincoln, of Waco, for appellee.

GALLAGHER, C. J. This suit grew out of the execution and delivery of the following contract:

"This agreement, made and entered into by and between Bert Carroll of Waco, Texas, party of the first part and H. M. Jackson, party of the second part, Delia, Texas, witness:

"That the first party hereby agrees to sell to second party two acres of land near Lacy Summitt, with all improvements thereon and to furnish abstract down to date showing good and merchantable title to same. The second party agrees to pay for same as follows: ($400.00) Four hundred dollars cash and to deliver one Ford touring car of 1923 model, free of debt, ser'l No. 403625, license No. 754734, engine No. 654783, for the price ($550.00) and give their three promissory vendor lien notes for the sum of $650.00, first of the notes for the sum of $225.00, second note for the sum of $225.00, and the third and last note for the sum of $200.00, all notes are to bear interest at the rate of 8 per cent. and payable annually as it accrues, each note is to come due one, two and three years after date, and guarantee to carry out this contract each deposit their check for the sum of $100.00 payable to the order and left in the hands of S. E. Cunningham. This contract is to be closed up the 11th day of this month."

The checks called for by said contract were executed and delivered to said Cunningham. He was acting as agent for Carroll. There was a parol agreement, the validity of which is not questioned, that the abstract furnished under the terms of said contract should be submitted to the Honorable N. B. Williams, a member of the law firm of Williams & Williams, for examination, and that his opinion as to the title should be final. There was also testimony that Carroll agreed at that time to comply with whatever requirements said attorney demanded, and that, unless Mr. Williams approved the abstract as showing a merchantable title, there was to be no trade.

The property described in the contract was situated in Crescent Heights addition to the city of Waco. Carroll had an abstract of said property, beginning with one Powers, who laid out said addition, but he, being unfamiliar with abstracts, supposed that it was a complete abstract of the title to said property. He had said partial abstract brought down to date and submitted it for examination. There was testimony that it was customary for property in additions to Waco such as the one in question to pass from one party to another upon a partial abstract such as was furnished in this case, and that such custom prevailed in the great majority of cases of sale. Carroll's abstract was referred by Mr. Williams to Mr. Dudley, an assistant in his office, who furnished to Jackson the following opinion thereon:

"December 8, 1922.
"[In ink] Abstract shows title from J. T. Powers, Nov. 10, 1904.
"Gentlemen: We have examined the abstract to the following described tract of land: Being tract 19, Crescent Heights addition to the city of Waco, McLennan county, Texas, and we find the same to be clear in Bert Carroll according to the abstract examined by us on the 7th day of December, 1922, with the following exceptions:

"(1) On the 15th day of September, 1919, F. B. Craver and wife conveyed the heretofore described tract of land to Bert Carroll and retained a vendor's lien to secure the payment of three notes, one for $348.00, payable in fourteen monthly installments, thirteen of $25.00 each, and the fourteenth in the sum of $23.00, and two notes for $400.00 each; said notes being more particularly described in a deed which is of record in Book 313, page 603, McLennan County Deed Records. This conveyance is shown on page 1 of the final supplement to this abstract.

"(2) The taxes for the year 1922 in the sum of $14.10 are still unpaid.

"Yours very truly,    Williams & Williams.

"Require the taxes to be paid and a release from Carroll to the above-described notes. Carroll should pay for the release and the recording thereof."

There is testimony showing that Jackson delivered the abstract, together with said opinion, to Cunningham, who turned it over to Carroll to comply with the requirements with reference to taxes and release as stated therein, and to prepare deed and notes for consummation of the trade; that Jackson then went with Cunningham to the tenant occupying the property, and that Jackson arranged with such tenant to surrender possession at once; that Carroll complied with the requirements set out in the note at the bottom of said opinion, and had the necessary deed and notes prepared, and on December 11th, the day set for the consummation of the trade, went to Mr. Williams' office to submit the same for examination; that he was there referred to Mr. Dudley, to whom he submitted all said papers, and who stated that the title and the papers so prepared were all right, and that there was nothing else to do but to sign up; that Carroll waited there for about two hours, and Jackson did not come; that Dudley agreed to communicate with Jackson that night and request him to come up next morning and sign up. All the parties appeared in Mr. Williams' office the next morning. Mr. Williams then objected to the abstract on the ground that it did not show the title from the state to Powers, and that on that account said abstract did not show a merchantable title as required by the contract. No such objection had been made before. Carroll asked for time to meet said objection by having said abstract completed so as to show title from the state to Powers, and there is testimony that he could and would have done so if Jackson had consented. Jackson refused to allow time to perfect the abstract, and refused to consummate the trade. There is testimony that there was an agreement at that time to "call the trade off." Shortly thereafter Jackson called on Cunningham for his check, and Cunningham refused to deliver same.

Jackson then brought this suit in the justice court against Carroll and Cunningham to recover his own check and to recover the sum of $100, the amount of Carroll's check so deposited. The transcript from the justice court shows that Carroll pleaded a general demurrer and general denial and "cross-action for title and possession of his $100 check and of plaintiff's $100 as liquidated damages." The pleadings of Cunningham are not material, as the only issues presented in this appeal are between Jackson and Carroll. The case was tried and judgment rendered therein, from which judgment an appeal was prosecuted to the county court. The case was there tried before a jury on special issues, which issues, so far as material, with the answers of the jury thereto, are as follows:

"No. 1. Did the defendant Bert Carroll furnish the plaintiff or his attorney, N. B. Williams, an abstract down to date, showing a good and merchantable title to the property in question on or before the 11th day of December, 1922? Answer: No."

"No. 3. Was it the understanding between the plaintiff, Jackson, and the defendant Carroll that the abstract was to be submitted to N. B. Williams for his approval or disapproval, and the decision of N. B. Williams to be final? Answer: Yes.

"No. 4. Did the said N. B. Williams, in good faith, disapprove the abstract of title submitted by plaintiff? Answer: Yes."

Based on said verdict, the court rendered judgment in favor of Jackson against Carroll and Cunningham for title and possession of Jackson's said $100 check so deposited, and in favor of Jackson against Carroll for $100, with interest from date of judgment. Carroll and Cunningham have joined in an appeal to this court.

Appellant Carroll requested the court to submit to the jury for findings by them two special issues as follows:

"No. 5. Was the defendant Carroll able, ready, and willing to complete the abstract in question within a reasonable time after the objections to the abstract was raised by plaintiff's attorney, so as to comply with the objections of said attorney as to said abstract?

"No. 6. Did the defendant Carroll offer to complete the abstract so as to answer all objections to the abstract raised by plaintiff's attorneys?"

These requested issues were prepared and presented to the court on separate sheets of paper. They were both refused. The action of the court in refusing to submit said issues was complained of in appellant Carroll's motion for new trial in the following language:

"(3) The court erred in refusing to submit defendant Carroll's special charge, asking whether the defendant Carroll offered to furnish an abstract in accordance with the objections raised by plaintiff's attorneys, and whether he was able, ready, and willing to do so."

A copy of this paragraph of appellants' motion for a new trial is incorporated in the assignments of error attached to their brief. Appellants submit two propositions of law germane to said assignment, which propositions are as follows:

"(1) Forfeitures are strictly construed and are not favored in law.

"(2) Issues raised by the pleadings and evidence should be submitted to the jury."

[1, 2] The evidence raised the issue so refused, and they, or the substance of them, should have been submitted to the jury. According to the testimony heretofore recited,

appellant Carroll had been assured that his title was or would be approved, and that nothing remained to be, done except to consummate the sale. Had he been advised when the abstract with the opinion of counsel thereon was turned over to him that a complete abstract would be insisted upon, he would have had ample time to comply with such requirement before the time for consummating the trade expired. There was affirmative testimony that he could and would have done so. Having been assured that everything was acceptable and that nothing remained to be done except to "sign up," and having relied on such assurance until after the time set for closing the trade had expired, appellee could not, after the expiration of such time, reject his abstract and the title shown thereby and forfeit his check as liquidated damages, without allowing him reasonable time and opportunity to cure the defects then and there complained of for the first time. According to the testimony, appellant Carroll was to comply with whatever requirements appellee's attorney demanded or there was to be no trade.

[3] Appellee objects to the consideration of appellants' said assignment of error on the grounds that it is too general, is not a distinct specification of error, and is multifarious, in that it complains of two separate and distinct rulings of the court. The assignment is subject to the objections urged, and this court might well refuse to consider or act on same. However, Courts of Civil Appeals are allowed a wide discretion in considering assignments not prepared in strict conformity to the rules. The Supreme Court in the case of Cammack v. Rogers, 96 Tex. 457, 460, 73 S. W. 795, 796, answered certified questions involving the objections here under consideration. We quote from the opinion of the court in' that case as follows:

"In view of the above statement, the Court of Civil Appeals for the Third Supreme Judicial District certifies to the Supreme Court of Texas the following questions:

" '(1) Where an assignment of error complains of two rulings of the trial court, each of which relate to separate and distinct questions, which is followed by appropriate propositions and statements explaining each of the two questions raised and rulings complained of, is the assignment so general that it should not be considered, or may it, under such circumstances, be aided and explained by the propositions and statements; and, if such is the case, should it by the Court of Civil Appeals be deemed sufficient so as to entitle the court to pass upon either of the questions raised by the assignment, propositions, and statements?

" '(2) Is the assignment of error, in connection with the propositions and statements, as above set out, sufficient to authorize its consideration by this court?'

"(1) The decisions first cited in the certificate condemn the assignment of error as insufficient because it complains of two distinct rulings of the court below. The decisions also hold that propositions in briefs do not supply the place of a valid assignment. The decisions of this court last cited in the certificate do not conflict with the others, the objections to the assignments considered being of a different character. Further discussion of the subject of assignments of error than is found in Land Co. v. McClelland Bros., 86 Tex. 191 [23 S. W. 576, 1100, 22 L. R. A. 105], would not, in our opinion, be useful.

"(2) The fact that an assignment of error is not in strict compliance with the statute and the rules of court does not deprive the Court of Civil Appeals of authority to decide a point thus defectively raised. While a party who has not complied with the rules of practice in presenting errors complained of may not be entitled to demand, as a right, that they be noticed, the court, in the exercise of sound discretion, has the authority to pass upon them. Whether or not in such cases the point sought to be made should be considered is a question for the Court of Civil Appeals to determine under all the circumstances."

While the action of the court in refusing appellants' requested issues copied above constituted two separate and distinct rulings of the court, the matters inquired about in said two issues were closely connected. We have decided, in the exercise of our discretion, to consider said assignment and to reverse the judgment of the trial court thereon. Cammack v. Rogers, supra; Morrison v. Neely (Tex. Com. App.) 231 S. W. 728, 730; M., K. & T. Ry. Co. of Texas v. Washburn (Tex. Civ. App.) 184 S. W. 580 (writ refused).

The judgment is reversed, and the cause is remanded.