### BASHAM v. STEVENS.    (No. 452.)

Court of Civil Appeals of Texas. Eastland.
May 25, 1928.

Rehearing Denied June 22, 1928.

**1. Appeal and error ⬤⟿742(1)—Propositions held required to be numbered consecutively (Court of Civil Appeals Rule 30).**

Proper interpretation of Court of Civil Appeals Rule 30 as applied to present case *held* to require that propositions be numbered consecutively.

**2. Appeal and error ⬤⟿742(1)—Reference to assignment of error to which each proposition is germane, though desirable, is not necessary.**

While it is desirable that reference be made to assignment of error to which each proposition is germane, this is not absolutely required.

**3. Appeal and error ⬤⟿742(1)—Reviewing court does not refuse to consider briefs, where noncompliance with rules does not defeat purpose of conserving court's time.**

Rules of reviewing court are intended to conserve time of court in interest of public service, and it is not its policy to refuse to consider briefs, where only noncompliance with rules is of character that does not tend to defeat such purpose.

**4. Appeal and error ⬤⟿742(1)—Reviewing court cannot consider propositions submitted under bills of exception.**

Reviewing court will not consider propositions submitted under bills of exception, since it can only consider assignments of error and propositions germane to assignments of error.

**5. Appeal and error ⬤⟿742(1)—Propositions based on assignments of error are not entitled to consideration, where not supported by any statement of record with reference to pages of record (Court of Civil Appeals Rule 31).**

Propositions based on assignments of error are not entitled to consideration, where they are not supported by any statement of record with reference to pages of record, as required by Court of Civil Appeals Rule 31.

**6. Alteration of instruments ⬤⟿27(2)—Defendant must show material alteration in notes.**

In action on notes, burden of proof *held* to be on defendant to show that there was material alteration.

**7. Appeal and error ⬤⟿1071(5)—It is immaterial that court found against existence of alteration of note, where such issue was not tendered by defendant in pleadings.**

In action on note, issue of material alteration was one to be tendered by defendant in pleadings, so that, where there was no pleading tendering such issue, it was immaterial that court found against existence of alteration.

Appeal from Mitchell County Court; Chas. C. Thompson, Judge.

Action by F. L. Stevens against R. E. Basham. Judgment for plaintiff, and defendant appeals. Affirmed.

A. J. Smith, of Anson, for appellant.

Thos. J. Coffee, of Colorado City, for appellee.

FUNDERBURK, J. Plaintiff, Stevens, recovered judgment against defendant upon certain notes for $328.82, from which judgment defendant, Basham, has appealed. In appellant's brief, immediately following the "Statement of the Nature of the Case," there is set out, under the heading "Bills of Exception," what purport to be bills of exception Nos. 1 and 2. The function these bills are supposed to perform in the brief we do not know. If they could serve any proper purpose, which we fail to see, they are in no manner authenticated by reference to any place in the record where they may be found.

[1, 2] Following the purported "Bills of Exception," under the heading "Assignments of Error" are set out assignments of error Nos. 1 to 11, inclusive. Rule 32, governing the preparation of briefs, directs that assignments of error be set out at the back of the brief, but permits them to be set out immediately following the "statement of the case." 230 S. W. vii. The latter plan has been pursued here, except for the intervening "bills of exception" which, as said before, have no proper place in the brief. Following the assignments of error are a number of so-called propositions. They are not stated to be "the propositions or points upon which the appeal is predicated," but evidently they are intended to be such. We do not think they are numbered as required by rule 30. Each of the ten propositions are numbered "1." They are distinguished from each other by statements that the first "No. 1" is "under bill of exception No. 1." The second is "under bill of exception No. 2," and the remainder are distinguished as being under one or more of the several numbered assignments.

We think a proper interpretation of the rule applied to this case would require that the propositions be numbered consecutively 1 to 10, inclusive. While it is desirable that reference be made to the assignment of error to which each proposition is germane, this is not absolutely required. Afflerbach v. Yorktown Independent School District (Tex. Com. App.) 289 S. W. 1003.

[3] For such infractions of the rules, as already noted, we would be loath to visit upon appellant the penalty of a refusal by us to consider the brief. It so happens that such variations from correct practice are not such as materially adds to the labor of the court. We look upon the rules as intended to conserve the time of the court in the interest of a public service, and it is not our policy to refuse to consider briefs where the only noncompliance with the rules is of a character that does not tend to defeat such purpose.

[4, 5] We are not authorized, however, to consider what is denominated "Proposition No. 1 under Bill of Exception No. 1" or "Proposition No. 1 under Bill of Exception No. 2," because they mean nothing. We can only consider assignments of error and propositions germane to assignments of error. The submission of propositions under bills of exception is an attempt to introduce a procedure that is wholly foreign to any rules of practice with which this court is familiar. Even if they could be regarded as propositions based upon assignments of error, they are not entitled to consideration, because they are not supported by any statement of the record with references to pages of the record, as required by rule 31. 230 S. W. vii.

The statement last made is also true with reference to "Proposition No. 1 under Assignment No. 11," which we decline to consider for the same reason.

The only proposition which is briefed in such way as to authorize consideration is that designated "Proposition No. 1 under Assignment No. 6," which is as follows:

"When appellant was deprived of the filing of a supplemental pleading setting up a material alteration of the instrument sued upon, after such plea had been presented to the court for filing and the same was refused by the court, it then became an error on the part of the court to make out and file as a part of the record on appeal his findings to the effect that said instrument sued upon was not altered as attempted to be plead by appellant."

[6, 7] It will be seen that this proposition does not raise the question of error of the court in refusing permission to file the supplemental pleading, but merely complains that, after appellant was denied the right, which he claimed, to file said pleading, it was error for the court to find against him on the issue of alteration. We do not think that this contention can be sustained. We cannot say that the alteration was one that was apparent from an inspection of the notes themselves. The burden of proof was upon appellant to show that there was a material alteration. Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889. This was an issue to be tendered by him in his pleadings. If there was no pleading tendering the issue, then it was immaterial that the court found against the existence of an alteration, since, so far as this issue is concerned, no other judgment could have been rendered than was rendered. Whether the court erred in refusing to permit the pleading to be filed, which was designed to tender the issue of alteration, is another question, and one which is presented by no proposition so briefed that we are authorized to consider same.

Concluding, as we do, that, as the case is presented to us, the record shows no error, the judgment of the trial court is affirmed.