## STEPHENS v. SOVEREIGN CAMP, W. O. W.

### No. 770.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1931.

Rehearing Denied Feb. 27, 1931.

Smith & Smith, of Anson, for appellant.

Turner, Seaberry & Springer, of Eastland, for appellee.

DAVIDSON, Special Associate Justice.

This is a suit by Mrs. Esta Stephens against Sovereign Camp, Woodmen of the World, on an insurance policy for $1,000 on the life of E. E. Stephens, who is alleged to have died on August 28, 1928.

Appellee's answer alleged that the insured failed to make his payment of premium on said policy for the month of October, 1926, and for each succeeding month thereafter until his death, whereby said policy lapsed. The case was tried before a jury on special issues and judgment rendered for appellee.

By her first assignment of error appellant complains that the verdict of the jury is contrary to the evidence, but to this we cannot agree. The matters of fact complained of were disputed issues of fact, which the jury expressly found against appellant, and there is ample evidence in the record to sustain such finding.

Appellant's second assignment of error complains that the judgment of the court is contrary to the law applicable to this case on account of the fact that there were no pleadings by either party as a basis for the submission to the jury of special issue No. 2, which was as follows:

"Was policy No. 2 reinstated in the month of January, 1927? Answer: 'No.' "

Appellant alleged that all of the premiums due on the policy sued upon were promptly paid from time to time as they became due and payable without interruption, and that the policy was in full force and effect up to the date of the beginning of the illness of the insured. Appellee alleged that the policy sued upon lapsed in October, 1926, on account of the nonpayment of the premiums due thereon, and that said policy was never reinstated by the insured prior to his death, but remained in a lapsed condition and void from and after October, 1926. In answer to special issue No. 1 the jury had found that said policy did so lapse in October, 1926. In view of this state of the pleadings, we do not find any fundamental error involved under this assignment, and since the charge of the court was not objected to and no exceptions thereto filed by appellant, this assignment is overruled.

Appellant's third assignment of error complains that the judgment of the court is contrary to the law, in that the evidence showed that the policy sued upon was reinstated by the payment by appellant and acceptance by appellee of a payment of a premium thereon in February, 1928. While the record contains some evidence indicating such a payment by insured in February, 1928, there is no pleading on the part of appellant that the acceptance of such payment by appellee would amount to a reinstatement of the policy. According to the terms of the policy and of the constitution, laws, and by-laws of appellant governing same and forming a part thereof, policies of this nature become null and void upon nonpayment of premiums, and in order to constitute a reinstatement of the policy it was incumbent upon appellant to have shown acts on the part of appellee which would constitute a waiver of the forfeiture or facts which would amount to an estoppel of appellee to assert such forfeiture. No such waiver or estoppel was pleaded or alleged by appellant. It is well settled that, in order to claim the benefits of a waiver of rights, such waiver must be both pleaded and proved. Smith v. Security Investment Co. (Tex. Civ.

App.) 16 S.W.(2d) 926, and authorities there collated. Since there is no pleading in the record on the part of appellant alleging such waiver or estoppel, we think the judgment of the trial court correct, and this assignment is overruled.

The fourth and fifth assignments of error of appellant complain of documentary evidence admitted over appellant's objection and bills of exception are in the record pertaining to each assignment, but neither bill discloses the grounds upon which the objection to the testimony was made, and hence said bills cannot be considered by this court. Article 2237, Vernon's Annotated Statutes of 1925, note 39, and cases therein cited.

This disposes of all of appellant's assignments of error, and finding no reversible error in the record, the judgment of the lower court is affirmed.

WAGSTAFF, Special Associate Justice, and HICKMAN, Chief Justice, concur.