CLIFTON et al. v. W. R. THOMPSON & SONS LUMBER CO. et al.

No. 1779.

Court of Civil Appeals of Texas. Waco.

Dec. 3, 1936.

Rehearing Denied Jan. 14, 1937.

W. W. Mason, of Mexia, for appellants.

L. L. Geren, B. L. Bradley, and L. W. Shepperd, all of Groesbeck, for appellees.

GALLAGHER, Chief Justice.

This appeal is prosecuted by Mary. P. Clifton, for herself and as next friend for her minor child, Roger Mack Adamson, from a judgment of the district court in favor of appellee, W. R. Thompson & Sons Lumber Company, foreclosing a judgment lien on an undivided one-half interest in 76.66 acres of land, which tract appellants claimed as their homestead. The transcript contains findings of fact and conclusions of law. No statement of facts has been filed in this court.

The principal issue involved is whether appellee's abstract of judgment lien attached to said tract, or either moiety thereof, during the lifetime of R. Q. Adamson, the deceased husband of appellant, Mrs. Clifton, and father of her minor son. Said deceased husband and father was a son of Mr. and Mrs. W. L. Adamson. Mrs. W. L. Adamson died intestate in 1912. She and her said husband owned at the time about 600 acres of land, which was in three or more segregated tracts, one of which contained 90 acres and another, being the tract involved herein, 76.66 acres. They had seven children, including said R. Q. Adamson. No partition of the community estate was had until after the death of W. L.

Adamson. In the year 1919, said R. Q. Adamson, with his family, consisting of his said wife and minor child, then about four years old, moved onto the 90-acre tract and continued to reside thereon until late in the year 1922. He claimed the same as a homestead and made certain improvements thereon appropriate to his continued use as such. W. L. Adamson stated to R. Q. Adamson when he moved onto said tract that he wanted the latter to have the same in the final partition of the estate of himself and of his deceased wife. R. Q. Adamson never paid any rent on said land either to his father or brothers and sisters and no such claim was ever made against him by any of them. In the latter part of the year 1922, R. Q. Adamson, with his family, moved to Mexia. The reason for this move was to enable him to send said minor son, then seven years of age, to school. While he never afterwards resided on said 90-acre tract, he continued in possession thereof, rented the same to tenants, collected rents thereon and continued to claim the same as his homestead until the final partition of the community estate of his father and mother, which occurred September 10, 1927. Appellee, on October 31, 1925, recovered a judgment against R. Q. Adamson for $1,190.65 and caused an abstract thereof to be properly recorded. W. L. Adamson died intestate in January, 1926, and the community estate of himself and his deceased wife was finally partitioned as aforesaid. In such partition the 90-acre tract in possession of said R. Q. Adamson was allotted to other heirs and the 76.66-acre tract of land here in controversy was allotted to him as his share in the community estate of his parents. He never actually occupied said last tract, but he rented the same, collected rents thereon, selected a building site and intended to improve and move onto the same as soon as his minor son was through school in Mexia. He died intestate in 1928, leaving his said wife and minor child as his sole heirs. His estate, exclusive of said tract of land, was insufficient to pay his debts. Appellee's judgment remains wholly unsatisfied.

The court, upon the findings aforesaid and others not necessary to recite, held that the undivided half interest in the tract in controversy representing the interest of the deceased R. Q. Adamson in his mother's half of the community estate was, at and prior to his death, exempt to him as a homestead, but that the other half interest in

said tract, representing his father's half of such community estate, was not so exempt, and rendered judgment establishing the amount of appellee's debt and foreclosing an abstract of judgment lien on said last-described half interest in said tract to secure the payment of such judgment.

### Opinion.

Appellants present as the basis of their appeal the single contention that the half interest in said tract of land representing the share which their deceased husband and father inherited from his father was exempt to him as his homestead at the time of his death, and passed to them as his surviving wife and child free from the claims of creditors. Appellee suggests in the preliminary statement in its brief that no assignment of error is found in the brief for appellants, and states that its counsel had for that reason experienced some difficulty in making satisfactory reply thereto. No specific objection to the consideration of appellants' brief was made. Appellants, in the concluding paragraph of the preliminary statement in their brief, recited the substance of the judgment rendered against them and stated that the same was so rendered on the theory that a homestead interest could not be claimed in an expectant estate; that they excepted to such judgment and had prosecuted this appeal therefrom. Immediately following such paragraph they presented their first and only proposition. Said proposition, though in terms abstract, when considered in connection with the preceding paragraph as aforesaid and the statement, authorities, and argument following the same, pertinently and adequately presents appellants' sole contention, which is, in substance, that the homestead exemption of the deceased R. Q. Adamson as an expectant heir of his father attached to the interest in the 90-acre tract which he afterwards, at the death of his father, inherited, in preference to any lien arising from the prior record of appellee's abstract of judgment, and exempted the same from such lien, and that such exemption followed and attached to the 76.66-acre tract in 'controversy which he received in the final partition of the community estate of his said father and mother.

■ Failure on the part of an appellant to present in his brief formal assignments of error, while an unfortunate omission, does not necessarily compel this court to ignore his complaint of the judgment rendered against him. When his brief contains a proposition or propositions which meet the general requirements of assignments, the court will consider the same. State Teachers' Mut. Life Ins. Co. v. Mims (Tex.Civ.App.) 74 S.W.(2d) 549, 550 (top second column) and authorities there cited.

■ Ordinarily, to entitle an appellant who has not presented formal assignments of error in his brief to have his propositions considered in lieu of proper assignments, such propositions should not be mere abstractions, but should be concrete and clearly indicate the ruling relied on as ground for reversal. Pelton v. Allen Investment Co. (Tex.Civ.App.) 78 S.W.(2d) 272, 273, par. 2, and authorities there cited; Guaranty Mortgage & Realty Co. v. L. E. Whitman & Co. (Tex.Civ.App.) 93 S.W. (2d) 512, 513, par. 2; National Life & Accident Ins. Co. v. Patterson (Tex.Civ.App.) 94 S.W.(2d) 189, 193, par. 15.

■ The Courts of Civil Appeals are, however, vested with discretion in considering assignments not briefed or presented in strict conformity to the rules, and it is not their policy to disregard assignments because of mere technical violation. So, although an assignment of error does not merit consideration, the court may notice it if, under the particular circumstances, the rules should not be strictly enforced. 3 Tex.Jur., p. 838, and authorities cited in notes thereto; Cammack v. Rogers, 96 Tex. 457, 460, 461, 73 S.W. 795; Carroll v. Jackson (Tex.Civ.App.) 277 S.W. 427, 429, par. 3, and authorities there cited; Albritton v. Commerce Farm Credit Co. (Tex. Civ.App.) 9 S.W.(2d) 193, 198, par. 9; Walker v. Dawley (Tex.Civ.App.) 4 S.W. (2d) 159, 164, par. 10; La Beaume v. Smith, Albin & Peay (Tex.Civ.App.) 247 S.W. 623, 626 (second column); Sewell v. Lake Charles Planing Mill Co. (Tex.Civ.App.) 253 S.W. 892, 894, par. 9; Dickey v. Gulf, T. & W. R. Co. (Tex.Civ.App.) 210 S.W. 552, 554, par. 2; Basham v. Stevens (Tex. Civ.App.) 7 S.W.(2d) 638, 639, par. 3; Equipment Co. v. Luse (Tex.Civ.App.) 250 S.W. 1104, par. 2; State v. Scranton Independent County Line School Dist. (Tex. Com.App.) 285 S.W. 601, 602, 603.

■ Considering the fact that appellants in their brief present a single concrete contention, succinctly stated and easily understood, and since it appears that appellee has not suffered any substantial injury on ac-

count of the manner in which the same is presented, we have concluded that, under the authorities above cited, we should consider and act upon such contention.

■ The necessary effect of the findings made and the judgment rendered thereon by the trial court is that the deceased R. Q. Adamson, by his occupancy and improvement of the 90-acre tract, acquired homestead rights therein; that such rights continued during his temporary absence therefrom both before and after the death of his father, and followed, attached to, and exempted the 76.66 acres acquired in the final partition. The only question, therefore, is whether such rights attached only to the half interest inherited from the mother, as held by the court, or to the entire tract, including the half interest inherited from the father. R. Q. Adamson was a tenant at will of his father's half interest in said 90-acre tract at the time and long prior to the death of his father, which death immediately invested him with the legal title to his distributive share in his father's estate, including such interest in said tract. Under such circumstances, the homestead claim and right attached to the interest in the same so inherited, in preference to and to the exclusion of any lien arising from the prior record of appellee's judgment. Such claim and right, therefore, followed, attached to and exempted the entire 76.66 acres involved in this suit. The rules of law on which such conclusions are based are fully stated and supported by the citation of numerous authorities in the following cases: Farmers' & Mechanics' Trust Co. v. Perry (Tex. Civ.App.) 56 S.W.(2d) 501, 502, par. 3 (writ refused) and authorities there cited; Young v. Hollingsworth (Tex.Civ.App.) 16 S.W.(2d) 844, 846, et seq., pars. 1 to 8, inclusive (writ refused); Hamm v. Brown & Horn (Tex.Civ.App.) 29 S.W.(2d) 431, 433, pars. 1 et seq; Crow v. First Nat. Bank of Whitney (Tex.Civ.App.) 64 S.W.(2d) 377, 379, pars. 4 to 6, inclusive, (writ refused).

■ Appellee has presented cross-assignments of error in which it contends that no part of the 76.66-acre tract set apart to R. Q. Adamson in the partition was exempt. We construe appellee's said assignments to be based on the theory that since R. Q. Adamson had not prior to the partition occupied said 76.66 acres, that it devolved upon him, when he acquired the same, to take effective action to impress the same

with the homestead character. It will be noted in this connection that the purpose to actually appropriate said tract to such homestead use was shown, and that the death of R. Q. Adamson intervened shortly after he acquired said tract and before such purpose was further executed. Under the authorities hereinbefore cited, we think appellee's cross-assignments are without merit, and the same are therefore overruled.

The court found the facts necessary to show the exemption of the entire 76.66-acre tract, but as to the half interest therein inherited from the father, erroneously applied the law to the facts so found. So much of the judgment of the trial court as held an undivided half interest in said tract subject to appellee's judgment lien is here reversed and judgment is here rendered denying such lien and permanently enjoining appellee from selling said tract of land, or any part thereof, under said judgment, and from in any way interfering with appellants in their peaceful enjoyment thereof. The costs of both this and the trial court are adjudged against appellee.