420

## ALEXANDER v. ALEXANDER.

### No. 1786.

Court of Civil Appeals of Texas. Waco.

Dec. 3, 1936.

Rehearing Denied Jan. 21, 1937.

Stollenwerck & Stollenwerck, of Hillsboro, for appellant.

Bryan & Maxwell, of Waco, Word & Word and Geo. P. Robertson, all of Meridian, and F. M. Wilson, of Waco, for appellee.

GALLAGHER, Chief Justice.

Appellant, Mrs. Arabella Lumpkin Alexander, sued appellee, Dr. Joseph H. Alexander, in the district court of Bosque county, and for cause of action alleged that she and appellee were married in 1892; that both of them were bona fide inhabitants of this state and said county, and had been such for more than forty years; that appellee deserted appellant during the fall or winter of 1932; that, notwithstanding appellee's domicile before, at, and after such time was in said county and state, he, about that time, instituted a pretended divorce proceeding against appellant in the city of Juarez, state of Chihuahua, United States of Mexico; that some kind of citation was served on her, but that she did not in any way subject herself to the jurisdiction of the purported Mexican court out of which the same was issued; that appellee, on or about the 6th day of January, 1933, fraudulently procured a decree of divorce from her in the civil court of the United States of Mexico in the Bravos district, city of Juarez, Chihuahua, a copy of which she attached to her petition as an exhibit; that appellee, on January 9, 1933, caused a certified copy of said purported decree to be filed by the county clerk of said Bosque county and recorded in the deed records thereof; that immediately after said purported decree was rendered, appellee procured a license in said Mexican city and state authorizing his marriage to Mrs. Inez Lanham Grimes, and that the marriage ceremony so authorized was immediately performed; that appellee caused a certified copy of said license to be filed for record in Bosque county at the same time that he filed said purported decree of divorce; and that he immediately returned to Bosque county, where he had since said time resided with said Mrs. Inez Lanham Grimes Alexander and held her out to the world as his wife.

Appellant further alleged that appellee had not, since he deserted her as aforesaid, contributed to her support; that appellee, shortly after said purported decree of divorce, procured from her a settlement of their property rights and a partition of their community estate; that she was, by reason of the facts hereinbefore alleged and the agitation, shame, and humiliation following the same, incapable of making a valid contract affecting her property rights, and she asked that the settlement and partition so procured be set aside. In addition to such relief, she further prayed for judgment against appellee for the sum of $250 per month for her support from the time of the alleged desertion until the termination of this suit, for a decree declaring said Mexican divorce null and void,

and for all proper relief, general and special, legal and equitable. Appellee answered by general denial and specific denials of the material allegations of appellant's petition.

The case was tried by the court without the intervention of a jury, and judgment entered that appellant take nothing by her suit, and pay all costs incurred. The court filed findings of fact and conclusions of law. He included therein findings that appellant had wholly failed to prove by competent evidence that the particular divorce which she sought to have annulled in this suit was ever granted; that she had failed to show that the property settlement made between her and appellee was unfair or inequitable, and a conclusion that appellant was not entitled to recover under the facts in evidence.

## Opinion.

Appellee moves the court to strike appellant's brief and dismiss this appeal because said brief contains no assignment of error. The failure of an appellant to present in his brief formal assignments of error, while a serious defect, does not necessarily compel this court to ignore his complaint of the judgment rendered against him. When his brief contains a proposition or propositions which meet the general requirements of assignments, the court will consider the same. State Teachers' Mut. Life Ins. Co. v. Mims (Tex.Civ.App.) 74 S.W.(2d) 549, 550 (top second column) and authorities there cited. We find, upon examination of appellant's brief in this case, that her first proposition presents a specific complaint of the action of the court in refusing to admit in evidence a certified copy from the records of Bosque county of the purported decree of the Mexican court dissolving the bonds of matrimony between appellant and appellee. Notwithstanding said proposition contains, in addition to said specific complaint, an elaborate recital of facts which properly belong in an appropriate statement thereunder, we have decided, in a rather liberal exercise of the discretion vested in this court to pass upon informal assignments of error, to consider said proposition. Appellee's said motion is therefore denied. See in this connection: 3 Tex.Jur. p. 838, and authorities cited in notes thereto; Cammack v. Rogers, 96 Tex. 457, 460, 461, 73 S.W. 795; Carroll v. Jackson (Tex.Civ.App.) 277 S.W. 427,

429, par. 3, and authorities there cited; Albritton v. Commerce Farm Credit Co. (Tex.Civ.App.) 9 S.W.(2d) 193, 198, par. 9; Walker v. Dawley (Tex.Civ.App.) 4 S.W.(2d) 159, 164, par. 10; LaBeaume v. Smith, Albin & Peay (Tex.Civ.App.) 247 S.W. 623, 626 (2nd column); Sewell v. Lake Charles Planing Mill Co. (Tex.Civ. App.) 253 S.W. 892, 894, par. 9; Dickey v. Gulf, T. & W. Ry. Co. (Tex.Civ.App.) 210 S.W. 552, 554, par. 2; Basham v. Stevens (Tex.Civ.App.) 7 S.W.(2d) 638, 639, par. 3; Equipment Co. v. Luse (Tex. Civ.App.) 250 S.W. 1104, par. 2; State v. Scranton Independent County Line School Dist. (Tex.Com.App.) 285 S.W. 601, 602, 603.

Appellant, in her first proposition, as above stated, complains of the refusal of the court to admit in evidence the certified copy from the records of Bosque county of the purported Mexican decree of divorce It is recited in the bill that it had been agreed that the certified copy of said records might be offered and considered in lieu of the original certified copy which the clerk had filed and recorded. It is further recited in said bill that appellee, at the time he filed the original instrument for record, stated to the clerk that it was a Mexican divorce which he had recently procured. It is also recited therein that appellant offered parol testimony showing that said copy so offered in evidence had been examined word for word with a decree found in the records of what the witness was told was the civil court of the Bravos district, city of Juarez, as hereinbefore described, and found to be identical therewith. The court excluded said certified copy, and appellant duly excepted. Appellant's bill of exception does not show the grounds of the objection urged to the admission of said evidence. According to the overwhelming weight of authority in this state, the action of the trial court in excluding evidence cannot be reviewed when the nature of the objection urged thereto is not shown by the record. United States Inv. Corporation v. Chandler (Tex.Civ.App.) 80 S.W.(2d) 1029, 1030, par. 3 (writ refused) and authorities there cited; Progressive Lbr. Co. v. M. & E. T. Ry. Co., 106 Tex. 12, 17, 155 S.W. 175, and authorities there cited; Johnson v. Crawl, 55 Tex. 571, 576; Morris v. Standard Acc. Ins. Co. (Tex.Civ.App.) 35 S.W.(2d) 207, 208, par. 2 (writ refused); Norwich Union

Indemnity Co. v. Rollins (Tex.Civ.App.) 8 S.W.(2d) 699, 700, par. 1, and authorities there cited; Missouri Pacific R. Co. v. Baldwin (Tex.Civ.App.) 261 S.W. 418, 419, par. 3, and authorities there cited; Beaumont, S. L. & W. Ry. Co. v. Stubblefield (Tex.Civ.App.) 37 S.W.(2d) 403, 404, par. 5; Stephens v. Sovereign Camp W. O. W. (Tex.Civ.App.) 35 S.W.(2d) 789, 790, par. 3.

Appellant's remaining propositions cannot be considered in the absence of a statement of facts, and none is found in the record.

The judgment of the trial court is affirmed.