## HALL *vs.* McARTHUR, surviving partner.

In a suit by M. as surviving partner, upon a promissory note payable to M. & G., it was error to disallow a plea, offered by amendment to the general issue, that the note was given in part payment for land ; that at the time of the purchase it was expressly stipulated that G. would deliver to defendant a full chain of title, G. representing that he had such full chain from the State down to himself ; that defendant paid G. on the purchase a sum named, but when G. came to make him a deed, the only title he proposed to turn over to him was a sheriff's deed ; that the land had been illegally sold by the sheriff, under a tax *fi. fa.*, as wild land, but it was not such, having been in cultivation for at least thirty years, as was well-known to the sheriff and G., who refused to give any additional title ; and therefore the consideration of the note had wholly failed.    This was a plea of partial failure of consideration.

*April 8, 1889

Promissory notes. Pleadings. Consideration. Amendment. Before Judge KIBBEE. Pulaski superior court. May term, 1888.

Reported in the decision.

MARTIN & SMITH, for plaintiff in error.

A. C. PATE, by brief, *contra.*

SIMMONS, Justice.

McArthur, surviving partner of McArthur & Griffin, sued Hall upon a promissory note for $150, which note was payable to said firm. The defendant pleaded the general issue, and afterwards offered an amendment to his plea, in substance as follows : that the note sued on was given in part payment for a certain lot of land; that at the time of the purchase of the land, it was expressly stipulated between him and Griffin that Griffin would deliver to him a full chain of titles, Griffin representing to the defendant that he had a full chain of titles to the land, from the State down to himself; that he paid Griffin $250 on the purchase; but that when Griffin came to make the defendant a deed to the land, the only title he proposed to turn over to the defendant was a sheriff's deed; that the land had been illegally sold by the sheriff under a tax *fi. fa.* as wild land; that it was not wild land, having been in cultivation for at least thirty years, as was well-known to the sheriff and to Griffin ; that Griffin had failed and refused to give him any additional titles ; and that therefore the consideration of the note had wholly failed. This amendment was disallowed by the court, and the jury returned a verdict for the plaintiff, and the defendant filed his bill of exceptions to the judgment of the court refusing the amendment.

We think the court erred in refusing to allow the amendment. We know of no law which prevents a defendant from filing a plea of total or partial failure of consideration to a promissory note. In this plea, it is true, the defendant calls it a plea of total failure of consideration; but the facts which he alleges therein show that it was only a partial failure of consideration; because he alleges that he has paid a part of the purchase money, and is in possession of the land. He alleges that he contracted for a full chain of titles from the grant which the State originally issued down to the time when he purchased, and that Griffin failed and refused to furnish this full chain of titles. If this was the contract between these parties, it seems to us that he ought to be allowed to prove it. We know no reason why a purchaser may not stipulate in his contract the kind and character of title he shall receive from his vendor. If that stipulation and agreement is for a full chain of title, and the vendor fails or refuses to furnish what he agreed to furnish, then we think it is a proper subject of inquiry by a jury whether the defendant has been damaged, and how much, by this failure on the part of the vendor. Code, §3471; Fisher *vs.* Dow, 10 S. W. Rep. 455.

Judgment reversed.