## Missouri, Kansas & Texas Railway Company v. W. J. Howell.

### No. 537.

1. **Assignment of Error.**

    An assignment of error, that "the court erred in overruling defendant's application for a continuance," is sufficient. It complains of a specific ruling of the trial court, and we therefore think it sufficient...................... 429

2. **Competent Witness—Pardon.**

    It seems that a pardon granted at any time before the trial renders a felon convict competent as witness. So held where the plaintiff was so restored. .429   430

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Hunt County.

The complaint made in the application for writ of error alleges as errors:

1. Appellant's first assignment of error presented to the Court of Civil Appeals was in the following words: "The court erred in overruling defendant's application for a continuance."

Under such assignment the appellant presented the following propositions: "(1) The application for a continuance was sufficient as a statutory application, proper diligence being shown, and the evidence for which the application was sought was material and not supplied by the testimony of other witnesses. (2) If the application was insufficient as a statutory application it was good as an application based on equitable grounds, presenting to the court reasons for a continuance, which in the exercise of a sound discretion he should have granted, and having failed to do so, his action should be reversed by this court." The Court of Civil Appeals held said assignment of error too general, and refused to consider the same.

3. The Court of Civil Appeals erred in holding the plaintiff to be a competent witness and permitting him to testify in his own behalf; because said plaintiff had been found guilty of an infamous crime under the laws of the State, and had been sentenced and served out his sentence, and no pardon had been granted him until long after the happening of the matter concerning which he proposed to testify, and even after the institution of the suit.

The application for continuance is too lengthy to be inserted. It did not show statutory diligence, nor excuse its absence.

*Dillard & Muse,* for application.

GAINES, CHIEF JUSTICE.—In this case the applicant's first assignment of error in the Court of Civil Appeals was as follows: "The court erred in overruling defendant's application for a continuance."

That court held, that this assignment was too general to require consideration. We can not concur in this conclusion. The assignment complains of a specific ruling of the trial court, and we therefore think it sufficient. In our opinion, it would serve no useful purpose to require greater particularity in an assignment of this character. But we also think that the ruling of the trial court, which was complained of in the assignment, was correct.

We are also of the opinion, that none of the other grounds of error alleged in the application are well taken. The writ is therefore refused.

*Application refused.*

Delivered January 17, 1895.