## Joseph M. Gale *vs.* Fred C. Gale.

### May Term, 1898.

Present: Ross, C. J., Rowell, Tyler, Munson, Start and Thompson, JJ.

*Trover—Title—Presumption of Continuance—Burden of Proof.*

In trover, if the defendant, although pleading the general issue, concedes that he appropriated the property to his own use and that, shortly before, the title was in the plaintiff, but claims that in the meantime the title had become vested in him, as, in this case, by gift from the plaintiff, the burden is upon the defendant to make out his title, for the presumption is that the plaintiff's title continued.

Trover. Plea, general issue. Trial by jury, March Term, 1898, Windham County, *Taft*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff and defendant were divorced in March 1897, when a decree for alimony was made giving the furniture in question to the plaintiff, In April, 1897, the defendant carried it away, and upon trial claimed that the plaintiff had given it to him since the decree. The gift was the only question litigated, and the jury were instructed that the plaintiff was entitled to recover unless the defendant by a fair balance of testimony established the gift. The defendant made no question but that the furniture, prior to the alleged gift, was the property of the plaintiff.

*Waterman, Martin & Hitt* for the defendant.

No question was made but the plaintiff had title at the time of the decree. The question was whether she had title at the time of the conversion. The general issue required the plaintiff to prove title at the time of the conversion. Proof or concession of title at a date prior to the conversion did not change the issue and could not shift the burden of proof, for the burden shifts only with the issue. *Williams* v. *Robinson*, 42 Vt. 658; *Blakey* v. *Taft*, 60 Vt. 571; *Melendy*

v. *Ames*, 62 Vt. 14; *Stevenson* v. *Gunning*, 64 Vt. 601; *Kenniston* v. *Stevens*, 66 Vt. 351; *Terryberry* v. *Woods*, 69 Vt. 94; *Central Bridge Co.* v. *Butler*, 2 Grey, 132; *Bricker* v. *Hughes*, 4 Ind. 146; *Blakey* v. *Douglas*, 6 At. Rep. 398; *Sylvester* v. *Girard*, 4 Rawle, 185; Gr. Ev. § 636.

*Clarke C. Fitts* and *Haskins & Schwenk* for the plaintiff.

Ross, C. J. · To recover in trover the plaintiff must establish his right to the possession of the property at the time of the conversion, and that the defendant has converted it to his own use. On the trial the defendant made no question but that the plaintiff was entitled to the possession of the property, in contention, when it was claimed to have been converted, unless she had given it to him shortly before. He also conceded that he had taken the property and converted it to his use. In this posture of the case was the burden upon the plaintiff to establish affirmatively that she made no gift of the property to the defendant, or upon him to establish the gift? This is the only question for consideration. The plaintiff's title and right to the possession in March, 1897, being conceded, nothing being shown to the contrary, presumably continued to April, 1897, when the defendant converted the property,—*Sowles* v. *Carr*, 69 Vt. 414, and cases considered in the opinion,—and would entitle the plaintiff to recover at the time of the conversion. The intervening gift, claimed by the defendant, was a distinct, independent fact brought into the case by him in avoidance of the otherwise conceded right of the plaintiff to recover. Where the defence is such an alleged distinct fact, or set of facts, brought into the case by the defendant, in avoidance of facts otherwise proved or conceded, which, without more shown, entitle the plaintiff to recover, the burden is upon him to establish such fact, or set of facts. *Lamb* v. *Fairbanks*, 48 Vt. 519; *Central Bridge Corporation* v. *Butler*, 2 Gray 130. Such fact, or set of facts, stand in relation to such a case like payment, license, release, accord and satisfaction, and the like, which are affirmatively brought into the case by the defendant in avoidance of the

otherwise established right of the plaintiff to recover, and must be established by him. This is the rule given by all works upon evidence and the burden of proof.

Mr. Greenleaf says: "The obligation of proving any facts is upon the party who substantially asserts the affirmative of the issue." 1 Green. Ev. § 74. Mr. Starkie gives substantially the same rule. 1 Starkie on Ev. 376; 2 Am. and Eng. Ency. Law, 655, says: "The test determinative of upon whom the burden of proving a given fact rests, is whether, if the fact is not established, it will be fatal to such party's right to recover." Stephens in his Digest of Evidence, Art. 93, expresses the rule thus: "Whoever desires any court to give judgment as to any legal right or liability dependent on the existence or non existence of facts which he asserts must prove those facts do or do not exist." Mr. Wharton says: "When a party establishes a juridical relation not in itself so limited in time as to have terminated at the period of litigation, it is not necessary for him to prove the continuance of the relation, but the burden is on the other party to prove that it has terminated." Whart. Ev. § 1284. Again in § 1286: "So when possession is admitted or proved, whether of real or personal property, we may infer as a presumption of fact, for the purpose of determining where the burden of proof lies, that the possession is continuous."

Tested by any of these rules, in the posture of the case, the trial court correctly held that the burden of establishing the gift of the property in controversy from the plaintiff to him was upon the defendant.

*Judgment affirmed.*

*Thompson,* J., dissents.