**LANG et al. v. HARWOOD.**

No. 2256.

Court of Civil Appeals of Texas.   Waco.

Nov. 28, 1940.

Rehearing Denied Dec. 19, 1940.

W. C. Taylor, John F. Sheehy, and Carlton J. Smith, all of Waco, for appellants.

Naman, Howell & Boswell, of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by Ophelia Harwood against Dee Lang and Chas. A. Lenz for damages for the alleged conversion of certain monkeys, a lion, and other show animals, and a tractor and trailer and other equipment. A trial before a jury resulted in a joint and several judgment against both of the defendants for $2,345 actual damages, and against Chas. A. Lenz for the sum of $1,625 exemplary damages. Both defendants have appealed.

The material facts are substantially as follows: While the property in question was at Danville in Vermillion County, Illinois, Mrs. Harwood, who lived in Chicago, Cook County, Illinois, mortgaged it to Lenz to secure the payment of a note in the sum of $400, due November 1, 1938. The mortgage contained a power of sale and authorized the mortgagee to take possession of the property in the event he felt himself insecure. Under the law in Illinois, a sale under the powers contained in a chattel mortgage can be had only in the county where the property was situated at the time the mortgage was given or in the county where the mortgagor resided. About the time the debt in question matured, Lenz went to Gideon in New Madrid County, Missouri, where the property was being used in a show, and, being unable to find

Mrs. Harwood, took possession of the property without her consent, moved it to Cairo, Illinois, and sold it under the powers contained in the chattel mortgage. One McFerrin bought the property in at the sale and immediately sold it to Lenz. Sometime thereafter, Lenz sold the property to Lang. The property was at Waco in Lang's possession at the time this suit was filed.

At the outset, the appellee presents many objections to the form and substance of appellants' brief. Ordinarily, we do not write on questions of this kind, but in view of the frequency with which these questions arise, we deem it proper to give consideration thereto in this case.

■ It has long been the policy of this court to apply the most liberal construction in favor of the sufficiency of the brief and to give effect thereto, if it is possible for us to ascertain either from the assignment, proposition or statement and argument the point intended to be presented thereby. Clifton v. W. R. Thompson & Sons Lbr. Co., Tex.Civ.App., 100 S.W.2d 392, par. 1; State Teachers' Mutual Life Ins. Co. v. Mims, Tex.Civ.App., 74 S.W.2d 549, par. 1. We have pursued this liberal policy because, in our opinion, a holding that a brief is insufficient tends to frighten the lawyers, and, as a consequence, they are caused to greatly multiply the number of their assignments of error and propositions and unnecessarily lengthen their briefs and thus increase the work to be done by this court. The Supreme Court has likewise pursued a liberal policy in the construction of the rules with reference to briefs. Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916, par. 1; Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795.

Appellants' brief is entirely too long. It contains 106 pages, whereas it should not have exceeded 25 pages. The work of the Court of Civil Appeals is very heavy and the attorneys should undertake to simplify the work as much as possible. Long briefs greatly increase the work of the court and unnecessarily decrease its efficiency. Such long briefs have a tendency to confuse rather than clarify the points to be passed on by the courts.

■ The statement of the nature and result of the suit, as contained in appellants' brief, covers 6 pages, whereas it should not have been any longer than the opening statement in this opinion. It sets out in detail the pleadings of both sides. This is wholly unnecessary and quite improper

when the sufficiency of the pleadings is not challenged. A statement of the nature and result of the suit as embodied in the brief should not contain a full history of the case but should contain only a statement of the general nature of the suit—that is, whether it is a suit in trespass to try title, for personal injuries, or for debt with foreclosure of lien or the like; whether it was tried before the court or a jury; and who was successful in the lower court. If necessary, this may be followed by a fuller statement of the general nature of the case, but this should be done only when it is necessary in order to enable the court to understand the general nature of the questions involved; and such fuller statement should never contain the details to be considered in connection with the propositions or points to be considered later. Texas Land Co. v. Williams, 48 Tex. 602, 613. All unnecessary references to names, dates, amounts, and other details tend to magnify their importance and thus detract from the really important facts. Furthermore, it is of no value to give the details of a case before the points to be decided are first called to the attention of the court. The details should be reserved and stated after and in connection with the particular point for reversal to which they are applicable.

■ A Court of Civil Appeals is vested with discretion in considering assignments not briefed or presented in strict conformity to the rules, and it is not their policy to disregard assignments merely because of technical violations of the rules. Although an assignment does not merit consideration, the court may notice it if, under the peculiar circumstances, the rule should not be strictly enforced. Clifton v. W. R. Thompson & Sons Lbr. Co.; Tex.Civ.App., 100 S. W.2d 392, par. 3, and cases there cited. The brief before us contains 59 assignments of error, whereas 10 assignments would have been ample to have raised all of the material points in the case. All that is required of an assignment of error is that it point out the particular ruling of the court complained of. For example, the following assignments have been held sufficient: "The court erred in overruling defendant's application for a continuance." Missouri, K. & T. Ry. Co. v. Howell, 87 Tex. 429, 30 S.W. 102. "The court erred in overruling the defendant's general demurrer to plaintiffs' original petition." Clarendon Land Investment Co. v. McClelland, 86 Tex. 179, 23 S.W. 576, 1100, 1103,

22 L.R.A. 105. "The court erred in failing and refusing to submit to the jury special issue No. 4, requested by defendants * * *." Green v. Hall, Tex.Com.App., 228 S.W. 183, 184. "The court erred in overruling the defendant's plea to the jurisdiction." Davis v. Burnett, Tex.Sup., 7 S. W. 678. For other illustrations of the sufficiency of assignments of error, see Green v. Hall, Tex.Com.App., 228 S.W. 183; Long v. Red River, T. & S. Ry. Co., Tex. Civ.App., 85 S.W. 1048; Wigglesworth v. Uvalde Live Stock Co., Tex.Civ.App., 126 S.W. 1180. The above illustrations will suffice to demonstrate the simplicity required in the preparation of an assignment of error. It is sufficient for the assignment to merely state the ruling that was made and that it was error. It is not only unnecessary, but improper, to include in the assignment the reason why the ruling is thought to be erroneous. Clarendon, etc., v. McClelland, 86 Tex. 179, 23 S.W. 576, 1100, 22 L.R.A. 105; Dist. Ct. Rule 101a.

■ The brief contains 35 propositions. Many of them are greatly involved and others are mere abstract propositions. The following will serve as examples of the abstract propositions contained in the brief: "Pleadings cannot be amended or supplemented after judgment is entered." "Where one of two innocent parties must suffer, the one who made the loss possible must bear the loss." Such abstract propositions are mere general statements of abstract rules of law applicable alike to all cases. They do not advise the court as to the questions to be decided nor the reasons for the reversal of the particular case under consideration. They are therefore improper. 3 Tex.Jur. 880; Wright v. Maddox, Tex.Civ.App., 286 S.W. 607; Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844, pars. 1-3; Gulf, C. & S. F. Ry. Co. v. Tarver, Steele & Co., Tex.Civ.App., 295 S.W. 320. It should be noted that the court rule does not call for "propositions of law." It calls for "propositions or points upon which the appeal is predicated." Court of Civil Appeals Rule 30. The new rules adopted by the Supreme Court, but not yet effective, do not mention propositions at all but call for "a statement of the points upon which the appeal is predicated." Texas Rules of Civil Procedure 418. All that is required is that the proposition set out the point to be decided or reason for reversing the case. In Shanks v. Carroll, 50 Tex. 17, it was said that in each proposition

should be propounded or affirmed some matter or thing done or refused to be done in the court below, embraced in the appropriate assignment of error, for which the judgment should be reversed or sustained. See also Wright v. Maddox, Tex.Civ.App., 286 S.W. 607. The following are samples of suitable propositions for the presentation of the points to be decided: "This case should be reversed because counsel in his closing argument told the jury that the defendant was protected by insurance." "Plaintiff's petition was subject to the defendant's general demurrer because it failed to allege that plaintiff was the owner or holder of the note sued on." "This case should be reversed on account of the refusal of the court to give to the jury the defendant's requested issue No. 1, as to plaintiff's alleged contributory negligence in approaching the scene of the accident at a high rate of speed, because such issue was raised by the pleadings and the evidence." "The court should not have permitted the witness, Will Brown, to testify that George Smith told him that the car was traveling in excess of 40 miles per hour at the time of the accident, because such testimony was hearsay." "The court should not have permitted the plaintiff to amend her pleadings by the filing of a plea of non est factum after the verdict had been returned and the jury discharged." A simple statement such as above illustrated will ordinarily be sufficient to point out the reason for the reversal of the case. However, even though the propositions are not drawn in accordance with the rules, we find it the better policy to consider and give effect to them if the point intended to be presented can be ascertained from either the proposition, the statement or argument in connection therewith. Each holding by an appellate court that a proposition is insufficient tends to multiply the propositions presented in subsequent briefs and thereby increase the work to be done by the appellate court.

■ Appellants' brief contains 22 pages of testimony of a witness quoted in question and answer form from the statement of facts for the sole purpose of showing that the witness was not qualified to give her opinion as to the value of the personal property involved in the suit. All that is required in this connection is that the brief contain a fair, condensed statement of the facts pertinent to the point under consideration with suitable reference to the page of the record where the facts may be

verified. Of course, where the construction to be placed on testimony depends on the peculiar wording of the answer given by the witness, the question and answer should be quoted verbatim, but it is seldom that more than one page of such testimony need be quoted.

We have thus deviated from our custom and written at length on the form and substance of this brief with the view of simplifying and improving the briefs to be filed in the future. Notwithstanding the defectiveness of appellants' brief, we believe that it is sufficient to enable the court to ascertain the points intended to be presented, and hence all of appellee's objections thereto are overruled.

■ Appellant Lenz presents several propositions in which it is contended that since he took possession of the property by virtue of the provisions of the chattel mortgage which authorized him to do so in the event he should feel himself insecure, appellee could not maintain a suit for conversion of the property in the absence of a prior demand for a return thereof. Such a rule would probably be applicable where the defendant still had possession of the property and could return same, but where, as in this case, defendant Lenz took possession of the property and placed the same beyond his power to return same, a prior demand is not a condition precedent to a suit for conversion. 42 Tex. Jur. 525, 528. Moreover, the defense in this case shows that the defendants would not have responded to a demand for a return of the property, and hence the absence of such demand does not require a reversal of the judgment. 42 Tex.Jur. 528; 1 Tex.Jur. 637; Neyland v. Brammer, Tex. Civ.App., 73 S.W.2d 884; Fisher v. Dow Bros., 72 Tex. 432, 10 S.W. 455.

■ As stated at the outset, the chattel mortgage contained a provision for sale of the property in satisfaction of the debt. Appellant Lenz undertook to justify his exercise of ownership over the property by showing that it had been sold in compliance with the terms of the mortgage. Under the law of Illinois, such a sale could be made only in the county where the property was situated at the time the mortgage was given, or in the county where the mortgagor resided. While said appellant proved a sale purportedly under the terms of the mortgage, he failed to prove that the sale took place either in Vermillion county, where the property was situated at the time

the mortgage was given, or in Cook county, where the mortgagor resided. The proof shows that the sale took place at Cairo, Illinois, but there is no proof that this was anywhere near either of the places just mentioned. Since plaintiff was admittedly the owner and in possession of the property immediately prior to the alleged conversion, the burden was on the defendant not only to establish the existence of the mortgage but to prove a valid sale thereunder. 65 C.J. 102, sec. 179; Gale v. Gale, 70 Vt. 540, 41 A. 969; Mosteller v. Holborn, 20 S.D. 545, 108 N.W. 13. The defendant Lenz cites the cases of Haynes v. Western Union Telegraph Co., Tex.Com. App., 231 S.W. 361 and Kent v. National Supply Co., Tex.Civ.App., 36 S.W.2d 811, and contends that under the rule there announced the presumption would be in favor of a valid sale under the chattel mortgage and that the burden was therefore upon the plaintiff to prove that the alleged sale was not valid. It should be noted, however, that in each of the cases last cited the suit was not one between the mortgagor and mortgagee in which the validity of the sale under the mortgage was a direct issue, but was one between a prior mortgagee who was an alleged purchaser under foreclosure sale and a third party who claimed title thereto in which the validity of the sale under the mortgage was only a collateral issue. We do not think the rule there announced is applicable here. In the case at bar, as above stated, it was conceded that the plaintiff was the owner of the property and in possession thereof immediately prior to the alleged conversion. If the defendant was to establish his right to the property, the burden was on him not only to prove the existence of the mortgage but a sale thereunder—and this necessarily included the burden of proving a valid sale. In order to prove a valid sale, it was necessary for the defendant to prove that the sale had taken place either in the county where the mortgage was executed or in the county of the plaintiff's residence. This he failed to do. In addition, there are a number of circumstances in evidence which furnish some proof that the sale was not made according to law, among them being the testimony of Dee Lang that several months after the alleged conversion, Lenz had him take the property back to Danville, Illinois, which was several hundred miles from Cairo, where the first sale took place, for another sale, because the first sale was supposed to be illegal.

Consequently, we cannot say that the evidence was insufficient to support the verdict in this respect.

The court inquired in one issue as to the value of a truck or tractor and a trailer used in connection therewith. This is assigned as error. It appears from the evidence that the trailer was specially built for use in connection with the tractor in hauling the show animals and equipment. They were used as a unit. There was no contention that appellant Lenz had not exercised such ownership over both the tractor and the trailer as to amount to a conversion of both of them, and hence the defendants were not injured by including both items in the same issue.

There was ample evidence to show that the property, because of the peculiar nature thereof, did not have a market value. Therefore, the court did not err in using the intrinsic or actual value as a standard of compensation. 13 Tex.Jur. 418.

Mrs. Harwood, who was a married woman, brought the suit without the joinder of her husband. The testimony showed that her husband had deserted her and refused to join in the suit. The evidence showed without dispute that all of the property, except a dog and some other animals of small value, were her separate property, she having inherited the title thereto from her first husband. She testified that the dog and other animals were either found or given to them, but she did not make it clear whether this occurred during the first or second marriage. The evidence is susceptible of the construction that it was during the first marriage, and if so, she inherited it from her first husband and it was her separate property. Under the circumstances, she had a right to maintain the suit in her own name without the joinder of her husband. Revised Civil Statutes, art. 1983.

The appellant Lenz does not contend that the award of exemplary damages as allowed by the jury is excessive.

We have thus reviewed all of the material assignments asserted by appellant Lenz and find no reversible error. The judgment as to said appellant must be affirmed.

Appellant Dee Lang alleged that he purchased the tractor and trailer from Lenz and that prior thereto Mrs. Harwood had placed in Lenz' hands a certificate of ownership thereof, duly signed by her, showing that she had conveyed said

property to him. He further alleged that she had clothed Lenz with the indicia of ownership thereof; that he relied thereon and was so induced to purchase said property, and that by reason thereof he was an innocent purchaser and was not liable for conversion of the property. Mrs. Harwood did not file a sworn denial of the execution of the instrument as is required by Revised Statutes, art. 2010. Upon the trial, Mrs. Harwood testified that she had previously executed said assignment to another party and that Lenz had altered the same by erasing the other assignee's name and inserting his name in lieu thereof. The jury found that Dee Lang relied on the assignment signed by Mrs. Harwood, but that Lenz had altered it as above set out without Mrs. Harwood's consent. After the verdict had been received, the jury discharged, and judgment entered, the trial court permitted Mrs. Harwood to amend her pleadings by filing a plea of non est factum. This ruling is assigned as error.

Mrs. Harwood's unverified denial of Dee Lang's allegation was insufficient to authorize the introduction of evidence in support thereof or the submission of an issue thereon to the jury, even though no exception was directed to its insufficiency. Even though evidence was received, without objection, in support of her plea, it could not be considered. 33 Tex.Jur. § 174, p. 625; Thomason v. Berry, Tex.Com.App., 276 S.W. 185; International & G. N. Ry. Co. v. Tisdale, 74 Tex. 8, 11 S.W. 900, 4 L.R.A. 545. Consequently, as the record stood at the time of the trial, Lang's allegation that Mrs. Harwood had executed the assignment and thus clothed Lenz with the indicia of ownership stood unchallenged and required no evidence in support thereof. If Dee Lang relied on the assignment as found by the jury and was deceived thereby, then he should not be held liable for the conversion, because Mrs. Harwood, being more at fault than he was, should bear the loss. Parma v. First National Bank of Cameron, Tex.Com.App., 63 S.W. 2d 692. It is true that Mrs. Harwood undertook to amend her pleadings by filing a sworn plea of non est factum, but this could not be done after the verdict had been received and the jury discharged. When the trial was concluded, Dee Lang needed no evidence to prove his claim because his plea had not been denied under oath. After the verdict, it was too late for him to introduce evidence in support thereof. Very clearly the purported amendment came too late. Warren v. Ward Oil Corp., Tex.Civ.App., 87 S.W.2d 501; Hall v. Wilbarger County, Tex.Civ.App., 37 S. W.2d 1041; 49 C.J. 483; 43 Tex.Jur. 506. In view of the error above indicated, the judgment as to Dee Lang must be reversed.

The judgment of the trial court in favor of Mrs. Harwood as against the appellant Lenz is affirmed. The judgment of the trial court in favor of Mrs. Harwood against Lang is reversed and the cause is remanded for a new trial.