**GREAT AMERICAN MORTGAGE CORPORATION, Appellant,**

v.

**Clifford PLOWS, et ux., Sylvia Plows, James W. Culp, J. Culp, Inc., a/k/a and d/b/a James Culp Construction, Inc., A.J. Melancon, Monarch Mortgage and Jean Rogers Moore, Appellees.**

No. 2–89–173–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 7, 1989.

Winstead, McGuire, Sechrest & Minick and Jeffrey A. Hage, Diane K. Lettelleir, and David A. Given, Dallas, for appellant.

Camp, Jones, O'Neill, Hall & Bates, and Patrick H. O'Neill, James Lanter, Fort Worth, Cardwell & Hart, and J. Bruce Bennett Austin, N.R. Stevenson Granbury, for appellees.

Before WEAVER, FARRIS and LATTIMORE, JJ.

## OPINION AND ORDER

FARRIS, Justice.

The matter before the court is a motion for reconsideration of an order denying the appellant, Great American Mortgage Corporation, permission to file a brief which exceeded the 50–page limitation. *See* TEX. R.APP.P. 74(h). Great American contends we should permit it to file a tendered brief of 177 pages, exclusive of the table of contents, index of authorities, and points of error, because the complex nature of the case justifies the length of the brief. Alternatively, Great American urges that we permit it to file a brief of 90 pages. We overrule the motion for reconsideration and order that appellant file a brief that does not exceed the restrictions of Rule 74(h).

This is a lender liability case. The buyers, sellers, and sellers' agent under a residential real estate contract sued Great American and two other co-defendants alleging fraud, negligence, breach of contract, and violation of the Deceptive Trade Practices Act. The two co-defendants cross acted against Great American. Based upon a jury verdict, the trial court entered judgment for the plaintiffs jointly and severally against all the defendants and also granted the two co-defendants judgments on their cross actions against Great American.

Great American contends it is impossible for it to confine its brief to 50 pages because the trial lasted 7 days, 30 questions were submitted to the jury, the statement of facts exceeds 1,700 pages, and the transcript is 858 pages. The tendered brief contains 157 points grouped in 51 arguments. The preliminary statement is 2–½ pages long and is followed by a general statement of facts of 8 pages. The total length of the brief is 198 pages.

We deny Great American's motion because it attempts to shift to the court the responsibility of its appellate counsel to sift through the record and discriminately determine which rulings of the trial court merit appellate review because of the likelihood that reversible error occurred. Although the case on appeal is a fairly complex case, it is highly unlikely the record contains 157 reversible errors. Even if appellate counsel is convinced that every point raised involves reversible error, it would be sufficient for Great American's purposes to submit on appeal only those few issues which most strongly argue that we render judgment for Great American together with perhaps a few strong points which would support an opinion reversing and remanding the trial court's judgment. As it is, Great American's weaker points may dilute the impact of any strong points.

In denying the motion, we appropriately act to prevent Great American from making an inordinate demand upon the time and other resources of the court. As Justice James P. Alexander stated nearly fifty years ago:

> The work of the Court of Civil Appeals is very heavy and the attorneys should undertake to simplify the work as much as possible. Long briefs greatly increase the work of the court and unnecessarily decrease its efficiency. Such long briefs have a tendency to confuse rather than clarify the points to be passed on by the courts.

*Lang v. Harwood,* 145 S.W.2d 945, 947 (Tex.Civ.App.—Waco 1940, no writ). In 1940 the average court of appeals justice was responsible for a much smaller case load than is common today.

The excessive number of points of error is not the only factor contributing to the length of the tendered brief. As noted, the preliminary statement and the accompanying statement of facts have a combined length exceeding ten pages. The purpose of the preliminary statement is to focus the court's attention by presenting a *brief general statement* of the nature of the case and its result. *See* TEX.R.APP.P. 74(c) (emphasis added). The ability to do this in

a paragraph of less than one-half page is demonstrated by the second paragraph of this opinion. The preliminary statement of the tendered brief fails in this regard because it overwhelms the reader with facts, figures, dates, and procedures undertaken by the appellants in perfecting the appeal. The statement of facts contains pages of information which may be relevant to specific points of error but which are more than is necessary to provide this court with an understanding of the general nature of the case. Those facts would be better reserved by Great American for inclusion in the arguments under the various points of error. *See Lang,* 145 S.W.2d at 948.

As noted by Justice Alexander, long briefs not only abuse the court, they also tend to confuse rather than clarify the points on appeal. *Lang,* 145 S.W.2d at 947. Often the quality of long briefs suggests that their authors were either unacquainted with good briefing techniques or failed to take the time to review and edit their work. Long briefs remind one of the correspondent who apologized for writing a long letter because he did not have time to write a short one. Although the intent of such briefs is to serve as road maps persuading us to adopt the authors' point of view, they too often serve as road blocks to comprehension.

We direct that this order be published because of the excessive number of long briefs which are being tendered or filed with the court. Briefs longer than forty pages have become commonplace. We encourage attorneys to consider Justice Alexander's admonitions in *Lang v. Harwood* and to draft appellate briefs consistent with his advice and the requirements of TEX.R.APP.P. 74.

The motion for reconsideration is overruled and Great American is ordered to file a brief, with the court, within 30 days of this order which complies with the first sentence of Rule 74: A brief shall be brief.