**Dissenting and Opinion Filed September 22, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00068-CV

### ROBERT D. COLEMAN, Appellant
### V.
### REED W. PROSPERE, Appellee

### On Appeal from the 68th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 11-02288

## DISSENTING OPINION

Before Justices FitzGerald, Fillmore, and Evans
Dissenting Opinion by Justice FitzGerald

The rules of appellate procedure require a concise statement of the issue and a clear and concise presentation of argument in support of the issue with appropriate citations to authorities and the record. Appellant's brief is so deficient under the rules of appellate procedure that we should affirm the judgment without discussion of the merits.

According to the majority, appellee's no-evidence motion asserting "there is no evidence of breach of contract" does not specifically identify breach as an element of a breach-of-contract cause of action and is therefore legally insufficient. I believe the motion does specifically identify breach as an element of the claim and, therefore, the trial judge properly granted appellee's motion for summary judgment on no-evidence grounds.

## BRIEFING DEFICIENCIES

I disagree with the majority's conclusion that appellant's brief substantially complies with the briefing standards set forth in Texas Rule of Appellate Procedure 38.1.[1]

I will focus on the two areas in which appellant's brief is most notably deficient. The first is the statement of the issues presented. "The brief must state concisely all issues or points presented for review."[2] Practically speaking, a proper issue must reveal the question of law that we are called on to answer.[3] Moreover, we may disregard any assignment of error that is multifarious, i.e., that generally attacks a trial court's order with numerous arguments.[4] This is a case in which we should deem appellant's issues multifarious. Here are appellant's issues:

> **Issue 1: D's Improper Statements.** Texas law and rules require fair notice for challenges to claims, for affirmative defenses and for counterclaims, and they prohibit conclusory statements, ipse dixit assertions, generality (insufficient specificity), vagueness and loaded contentions. [Appellee's] summary-judgment motion consists of conclusory, ipse dixit, general, vague, loaded statements and fails to provide fair, adequate notice and sufficiently specific grounds. Did the trial court fail to observe Texas law and rules requiring nonconclusory, specific claims challenges, defenses and counterclaims?
>
> **Issue 2: D's Frivolous Perjurious MSJ.** TDRPC Rule 3.01 Comments 2-4, Rule 8.04(a)(2),(12),(b) and the Texas Penal Code prohibit frivolous, perjurious motions in all judicial systems. [Appellee's] Motion for Summary Judgment contained six frivolous, perjurious statements in the Introduction, Undisputed Facts, Exhibit "A," Exhibit "B" and Certificate of Service. Did [appellee's] summary-judgment motion violate TDRPC Rule 3.01, Rule 8.04(a)(2),(12),(b) and or the Texas Penal Code?
>
> **Issue 3: D's Intentional Sham Affidavit.** Texas common law and doctrine indicates that a sham summary-judgment motion or sham affidavit raise a fact issue for a trier of facts to resolve. [Appellee's] MSJ and affidavit in Exhibit "B" are shams as defined by all of the considerations known to be used in sham affidavit analyses and were intentionally fraudulent. Did [appellee's] sham MSJ

---

[1] *See* TEX. R. APP. P. 38.9 ("[S]ubstantial compliance with this rule is sufficient . . . .").

[2] TEX. R. APP. P. 38.1(f).

[3] *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.).

[4] *Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.).

and sham affidavit raise a genuine issue of material fact, according to Texas common law and doctrine?

**Issue 4: D's Expert Witness Affidavit.** Texas common law indicates that the affidavit of a witness who is not properly designated may not be used as evidence in a summary judgment context. [Appellee's] summary-judgment motion expert-witness affidavit by Robert Hinton was ipse dixit, conclusory and violated the trial court ruling that [appellee] would not be allowed any substitution of his properly designated 23 witnesses that excluded Mr. Hinton. Did the trial court misapply Texas law and ignore the court's prior ruling?

**Issue 5: D's Ambiguous Contract.** Texas common law allows parol evidence to interpret ambiguous written contracts. [Appellee's] summary-judgment motion Exhibit "A" attorney employment contract with [appellant] dated November 7, 2007, provides evidence of essential elements in [appellant's] claims, and the contract is ambiguous. Did the trial court ignore the contract ambiguity and misapply Texas common law?

**Issue 6: D's MSJ Burdens.** TRCP and Texas common law require [appellee] to satisfy his burdens on his challenges to claims, affirmative defense or rebuttal, and counterclaim. [Appellee's] summary-judgment motion did not disprove any element in [appellant's] claims, did not prove every element of his affirmative defense/rebuttal, did not prove his contract was legal, and did not prove every element of his counterclaim. Did [appellee] fail to satisfy his burdens and violate TRCP and Texas common law?

**Issue 7: D's Affirmative Defense/Rebuttal.** The U.S Constitution Sixth Amendment and federal common law protect [appellant's] right to counsel, and the TRCPs require [appellee] to conclusively prove his affirmative defense or rebuttal. [Appellee] refused to use the successful money-motive (extortion) defense strategy for [appellant's] retrial and deprived him of effective assistance of counsel, and [appellee's] suborning-perjury defense/rebuttal alleged merely conclusory generality. Did [appellee] violate [appellant's] right to counsel, and did [appellee] fail to prove his defense/rebuttal as required?

**Issue 8: D's Contract Fee and Deposit.** Texas Ethics Opinions, ethics rules and common law require a refundable attorney fee to be deposited in a trust account. [Appellee's] contract with [appellant] stated his fee would not be placed or held in a trust account, and [appellee] provided no evidence that the refundable fee was deposited in a trust account. Did [appellee] deposit and hold [appellant's] refundable fee payment in a trust account as required by Texas ethics opinions, rules and law?

**Issue 9: D's Counterclaim.** TRCP rules and Texas common law require [appellee] to conclusively prove each element of his counterclaim of quantum meruit. [Appellee's] conclusory summary-judgment motion failed to prove every element of quantum meruit as a matter of law, and [appellant's] affirmative defenses of illegal contract, unclean hands and offset, negated [appellee's]

counterclaim. Did [appellee] prove his counterclaim and disprove [appellant's] affirmative defenses as required by Texas rules and law?

These issues are not concise. They are barely comprehensible. Most importantly, they do not suffice to raise the issue that actually serves as a basis for the majority's decision—appellee's purported failure to identify the specific elements of appellant's claims that lack evidence, as required by Texas Rule of Civil Procedure 166a(i) and caselaw such as *Timpte Industries, Inc. v. Gish*.[5]

Appellant's argument—the heart of every appellate brief—is even worse than his statement of the issues. "The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."[6] "If we must speculate or guess about what contentions are being made, then the brief fails."[7] The majority acknowledges some of the ways in which appellant's brief fails to satisfy Rule 38.1(i): the brief is indeed "[r]ambling in argument and jumbl[es] citations, case summaries, and discussion in a chaotic way." But this description does not do full justice to the incoherence of appellant's argument, which sprawls over about forty-four-and-one-half pages of his brief.[8] I will describe only the argument presented in alleged support of appellant's first issue. First, appellant spends over a page on a bare list of citations to twenty authorities (even though they already appear in the Index of Authorities at the front of the brief). Then appellant quotes two sentences from his motion for new trial before presenting more than a page of single-spaced quotations from random cases without applying them to the facts of this case. The four remaining pages of argument under Issue 1 present a random miscellany of legal and factual assertions with only a

---

[5] 286 S.W.3d 306 (Tex. 2009).

[6] TEX. R. APP. P. 38.1(i).

[7] *Bolling*, 315 S.W.3d at 896.

[8] Another court once aptly observed that "long briefs have a tendency to confuse rather than clarify the points to be passed on by the courts." *Lang v. Harwood*, 145 S.W.2d 945, 947 (Tex. Civ. App.—Waco 1940, no writ).

light sprinkling of citations to the record. Nothing in these four pages resembles a logical argument based on propositions of law, record-based assertions of fact, and reasoned application of the law to the facts. Much of the argument consists of general complaints about supposedly improper statements in appellee's motion for summary judgment, but these complaints are not supported by record references or appropriate citations to authority.[9]

The majority justifies its decision to address the merits of the appeal despite appellant's deficient brief by referencing the Texas Supreme Court's instruction in *Republic Underwriters Insurance Co. v. Mex-Tex, Inc.* to "construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule."[10] The majority then quotes two isolated sentences from appellant's brief that, it concludes, fairly raise the issue of the sufficiency of appellee's motion for summary judgment.[11] But the first requirement of the *Republic Underwriters* dictum is to construe the rules *reasonably*, and, as shown above, appellant's brief is completely deficient under any *reasonable* interpretation of Rule 38.1.

"[B]riefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ."[12] Because appellant's brief accomplishes neither of those purposes, we should not address the merits of the case. We should hold that appellant waived all issues on appeal and affirm the judgment.

---

[9] Appellant cites frequently to a separate twenty-seven page document attached to his brief as an appendix and called "[Appellee] MSJ Improper Statements Analysis." This document amounts to additional briefing in excess of size limitations, and the majority properly ignores it.

[10] *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (internal quotation and footnote omitted).

[11] The majority says, "Appellant argues '[Appellee's] MSJ was a conclusory motion and a general no-evidence challenge to [appellant's] case. *Timpte* at 310: "The motion must state the elements as to which there is no evidence."'"

[12] TEX. R. APP. P. 38.9.

I also disagree with the majority's holding on the merits of appellee's no-evidence motion for summary judgment.[13]

## A.     The requirements of Rule 166a(i)

Under Rule 166a(i), appellee was required to "state the elements as to which there is no evidence."[14]   The purpose of the rule is to give the nonmovant fair notice of the issues the nonmovant must address in order to survive summary judgment.[15]   The rule does not require the movant to list all the elements of the cause of action—only the elements that the movant is challenging on no-evidence grounds.[16]   For example, we have held that a no-evidence motion was sufficient to challenge proximate cause when it stated simply, "Nor is there any evidence [movant's] construction of the foundation proximately caused [P]laintiff's injuries."[17]   The nonmovant then bears the burden of presenting enough evidence to raise a genuine issue of material fact as to each challenged element of the claim.   If the nonmovant fails to produce enough evidence to raise a genuine issue of material fact on each challenged element, the trial judge must grant the no-evidence motion for summary judgment.[18]

## B.     Analysis of appellee's no-evidence motion

The majority does not quote appellee's no-evidence motion for summary judgment or place it in proper context.  The majority addresses the motion as follows:

---

[13] By way of background, appellee asserted in his motion for summary judgment that appellant had twice been convicted of felony sex offenses involving child victims before retaining appellee to defend him against a new sex offense involving a child victim.  In his summary-judgment motion, appellee averred, "[Appellant] changed significant details regarding the allegations after retaining [appellee] as counsel and while being interviewed for the purposes of a polygraph exam. [Appellant's] acknowledging certain conduct on his part excluded the ability to use certain defenses. [Appellee] could not legally pursue defenses desired by [appellant] in this case because of the admissions of appellant." According to appellee, appellant refused to cooperate in his defense and the parties' relationship so deteriorated that appellee had to withdraw from the representation.

[14] TEX. R. CIV. P. 166a(i).

[15] *Timpte Indus.*, 286 S.W.3d at 311.

[16] *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 203 (Tex. App.—Texarkana 2008, no pet.).

[17] *Yost v. Jered Custom Homes*, 399 S.W.3d 653, 660 (Tex. App.—Dallas 2013, no pet.).

[18] *See Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 160 (Tex. App.—Dallas 2013, no pet.).

*Appellee's summary judgment motion generally asserts that appellant's claims for breach of contract*, deceptive trade practices, and intentional infliction of emotional distress *are not supported by any "credible evidence." Appellee's motion restates the name of each cause of action but fails to challenge or even mention a single element of any of these claims as to which there is no evidence.* Accordingly, appellee's no-evidence grounds for summary judgment are legally insufficient to support the trial court's summary judgment. *See Timpte Indus., Inc.*, 286 S.W.3d at 310.

(Emphases added).

In the interest of accuracy, I quote the language from the appellee's motion. Appellee's motion for summary judgment contains the heading "ARGUMENT AND AUTHORITIES," under which appears the following paragraph:

7. **There is no evidence of Breach of Contract** -[Appellant's] cause of action for Breach of Contract against [appellee] is not supported by any credible evidence. [Appellee] did not engage in Breach of Contract and any failing of the contract was the result of conduct on the part of [appellant] as evidenced by the Affidavit of [appellee] attached hereto as Exhibit "B" and incorporated for reference herein.

For clarity, I divide the paragraph into separate sentences:

1.  There is no evidence of Breach of Contract.

2.  [Appellant's] cause of action for Breach of Contract against [appellee] is not supported by any credible evidence.

3.  [Appellee] did not engage in Breach of Contract and any failing of the contract was the result of conduct on the part of [appellant] as evidenced by the Affidavit of [appellee] attached hereto as Exhibit "B" and incorporated for reference herein.

Let me be clear. If the paragraph under review in the no-evidence motion *asserted only* that appellant's cause of action for breach of contract against appellee is not supported by any credible evidence, I would conclude it is insufficient. The fundamental flaw in the majority's holding is that it addresses only the second sentence above while ignoring the balance of the paragraph. We are obligated to consider the entire paragraph.

–7–

In our analysis we begin with the elements of a cause of action for breach of contract, which are: (1) a contract existed between the parties; (2) the contract created duties; (3) *the defendant breached the contract*; and (4) the plaintiff sustained damages.[19]

The first sentence of the relevant quoted paragraph specifies which element was under attack—the element of breach of contract. Why? Because a party may properly challenge the *element of breach* in a breach-of-contract case by filing a no-evidence motion asserting there is no evidence of breach of contract. Appellee's motion makes this assertion. If the majority is requiring the motion to assert there is no evidence of breach as opposed to breach of contract, a complete analysis with supporting authority should accompany such a holding. I believe the record speaks for itself. The plain language of the first sentence not only shows the majority inaccurately characterizes the motion,[20] but also clearly refutes the majority's holding.[21]

The second sentence refers to appellant's cause of action for breach of contract and the lack of any credible evidence to support it. If this sentence were the sum total of appellee's motion, a dissent on the merits would not be necessary. This sentence, however, poses a formidable problem for the majority for a different reason: it clearly demonstrates appellee's awareness of the difference between a cause of action and an element of that cause of action.

If "Breach of Contract" in the first sentence really means "cause of action for Breach of Contract," why does appellee use the phrase "*cause of action for* Breach of Contract" in the second sentence? That is both inconsistent and redundant. If "Breach of Contract" in the first

---

[19] *Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 131 (Tex. App.—Dallas 2014, no pet.); *Cadle Co. v. Castle*, 913 S.W.2d 627, 631 (Tex. App.—Dallas 1994, writ denied) (en banc).

[20] The breach element and the name of the cause of action, that is, breach of contract, are identical. But that should pose no problem because as the reader can readily see, when appellee intends to refer to the breach of contract as a cause of action, appellee does so, as in the second sentence, but not in the first sentence. In addition, given the identity of names—breach of contract—surely the majority would not deem it reasonable to arbitrarily conclude the motion, particularly the first sentence, referred only to the cause of action, not the element of breach, particularly without attributing a reason therefor.

[21] Further, nowhere in this first sentence does the motion assert the breach of contract is not supported by any credible evidence; to the contrary, the first sentence states there is no evidence of breach of contract. The majority does not even suggest how it interprets this language to mean the motion "restates the name of the cause of action."

sentence really means "cause of action for Breach of Contract," would not appellee have said "Breach of Contract" in the second sentence just as he does in the first sentence? But appellee asserts breach of contract in the first sentence to mean the element of the cause of action, and appellee asserts cause of action for breach of contract in the second sentence to mean the cause of action for breach of contract. Thus, while the second sentence may be legally insufficient by itself to identify an element, it is instructive in differentiating between element and cause of action.

The third sentence also identifies the element of breach. The third sentence reads: "[Appellee] did not engage in Breach of Contract and any failing of the contract was the result of conduct on the part of [appellant] as evidenced by the Affidavit of [appellee] attached hereto as Exhibit 'B' and incorporated for reference herein."

This sentence identifies a specific *element*, breach, by focusing on the conduct of appellee and appellant. Nowhere in this sentence does the motion refer to a cause of action. The third sentence stresses *appellee did not engage in breach of contract* but appellant did. The sentence turns on the words "engage" and "conduct." In other words, the sentence first asserts appellee did not engage in any conduct breaching the contract. It then asserts it was *appellant's conduct* that caused "any failing of the contract," emphasizing that appellant, not appellee, breached the contract and that appellant was the sole cause of the breach. The third sentence also demonstrates the motion distinguished between a cause of action for breach of contract and the specific element of breach of contract.

Appellee's motion is comparable to the one in *In re D.W.G.*[22] The appellee in that case filed a no-evidence motion for summary judgment challenging the appellant's affirmative defense of res judicata, and the appellee's motion simply stated "'there is not a "prior final

_____

[22] 391 S.W.3d 154 (Tex. App.—San Antonio 2012, no pet.).

judgment on the merits by a court of competent jurisdiction" because prior to January 1, 1974, this remedy did not exist.'"[23] The court of appeals held that this was sufficient to attack one, if not two, elements of the res judicata defense.[24] In this case, by the same token, appellee's assertions "There is no evidence of Breach of Contract" and "[Appellee] did not engage in Breach of Contract" were sufficient to challenge the breach element of appellant's breach-of-contract claim. This case is not one in which the movant completely failed to specify any element that was lacking in evidentiary support.[25] Appellee did specify the element he was challenging. If appellant found appellee's motion unclear or ambiguous as to which element he was challenging, appellant had to object in order to preserve error.[26] He did not and thus may not be heard to complain on appeal.

For these reasons, I disagree with the majority's conclusion that appellee failed to present a sufficient no-evidence challenge to appellant's breach-of-contract claim. Because appellant adduced no evidence that appellee breached the contract, the take-nothing judgment should be affirmed as to appellant's breach-of-contract claim.[27]

---

[23] *Id*. at 166.

[24] *Id*.

[25] *See Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 287–88 (Tex. App.—Dallas 2013, pet. filed) (en banc) (concluding nonmovant was not required to object in trial court in order to argue on appeal that no-evidence motion failed to specify the element or elements being challenged).

[26] *Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 420 (Tex. App.—Dallas 2002, no pet.).

[27] The same analysis applies to appellant's other two claims as well. In his motion, appellee challenged appellant's DTPA claim as follows:

> **There is no evidence of Deceptive Trade Practices** – [Appellant's] cause of action for [appellee] allegedly violating the Texas Deceptive Trade Practices Act is not supported by any credible evidence.

The elements of a DTPA claim are (1) the plaintiff was a consumer of the defendant's goods or services, (2) the defendant engaged in a deceptive trade practice listed in the statute, (3) producing cause, and (4) actual damages. By the bold-faced language in his motion, appellee adequately challenged the evidence in support of the second element of the claim. Because appellant adduced no evidence that appellee violated the DTPA, the take-nothing judgment should be affirmed as to appellant's DTPA claim.

Appellee challenged appellant's claim for intentional infliction of emotional distress as follows:

> **There is no evidence of Intentional Infliction of Emotional Distress** – [Appellant's] cause of action for Intentional Infliction of Emotional Distress is not supported by any credible evidence.

The elements of the claim are (1) the defendant acted intentionally or recklessly, (2) the defendant committed extreme and outrageous conduct, (3) the conduct caused the plaintiff to suffer emotional distress, and (4) the emotional distress was severe. By the bold-faced language in his motion, appellee adequately challenged the first three elements of appellant's claim. Because appellant adduced no evidence in support of those elements, the take-nothing judgment should be affirmed as to appellant's claim for intentional infliction of emotional distress.

## CONCLUSION

This case sets a bad precedent. This Court should apply basic appellate rules that are applied in every other case. If a party fails to adequately state the issue or present argument in the appellant's brief as required by the rules, we should hold the party waives the issue and affirm the judgment. And let us remember, this is not a pro se case; appellant was represented by a lawyer who filed the appellant's brief.

On the merits, I also conclude that appellee's no-evidence motion is legally sufficient because it identifies the specific element of breach of contract.[28] To the extent the motion is ambiguous, the majority should not address the sufficiency of appellee's no-evidence motion for summary judgment because appellant did not object to appellee's motion for summary judgment in the trial court as he was required to do in order to preserve the point for appeal.[29]

I would affirm the trial court's judgment. Because the majority does not, I dissent.


130068DF.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[28] To the extent *Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280 (Tex. App.—Dallas 2013, pet. filed) (en banc), applies, the majority's resolution is an improper application of or an unjustified extension of this opinion.

[29] *See Crocker*, 95 S.W.3d at 420.

–11–